**STATE, Plaintiff, v. BRASKETT, Defendant.**

Common Pleas Court, Madison County.

Nos. 4477, 4528 and 4600. Decided September 24, 1959.

Forrest E. Sidener, Pros. Atty., London, for plaintiff.
James B. Patterson, Jr., London, for defendant.

## OPINION

By BAYNES, J.

Defendant stands indicted in three consecutive indictments by the April 1958, September 1958 and September 1959, terms of the Madison County Grand Jury for failure to provide for his minor child Jeffrey Lynn Braskett under the age of 18 years (now six years of age), under favor of §3113.01 R. C. This substantially identical section was designated §13008 GC.

The cases upon motion of the Prosecuting Attorney were ordered consolidated for trial, under favor of §2941.04 R. C., upon defendant's

pleas of not guilty. The defendant, under claim of indigency, was assigned counsel to represent him, under favor of §2941.50 R. C.

Defendant's counsel filed identical motions in each case to require Jeffrey Lynn Braskett and his mother Mary Lou Braskett, now Mary Lou Swarm, to submit to a blood grouping test under favor of §2317.47 R. C., which provides:

"Whenever it is relevant in a civil or criminal proceeding to determine the paternity or identity of any person, the trial court on motion shall order any party to the action and any person involved in the controversy or proceeding to submit to one or more blood grouping test . . ."

A memorandum accompanies the motion. Defendant relies on **State v. Snyder, 157 Oh St 15, 104 N. E. 2d 169, 47 O. O. 24**, wherein a conviction for failure to provide was reversed, when the trial court overruled defendant's motion for a blood grouping test.

The question in the instant case arises, however, as a result of the memorandum contra filed by the Prosecuting Attorney wherein it is pointed out that the defendant in cases numbers 3965 and 3973 entered a plea of guilty to the charge of failure to provide for Jeffrey Lynn Brasket, which charges were subject of entries filed May 28, 1953. It is the prosecution's contention that the question of the paternity of Jeffrey Lynn Braskett was determined by the former pleas and judgment of this Court thereon.

In essence the question is, can a defendant in a criminal proceeding, under the facts of this case, be estopped to deny his paternity of the child which the indictment alleges is defendant's duty to support?

It is undisputed law of Ohio that where material facts or issues were judicially determined in a former suit by a court of competent jurisdiction they are res judicata and cannot again be litigated in any future action between the same parties in the same or any other court. See **32 O. Jur. 2d 58, Sec. 307.** The doctrine is applicable to judgments in criminal prosecutions. See **15 O. Jur. 2d 442, Sec. 259.**

But there are no annotated cases in Ohio, and we are unable in a search of the Digest System from 1916 to the most recent advance sheet to find any reference to the instant question, and nothing helpful otherwise in Ohio reported cases.

It is recognized in Federal jurisprudence that the doctrine of res judicata applies to criminal as well as civil cases and operates to conclude those matters in issue which the verdict determined even though the offenses be different. See Seafton v. U. S., 68 S. Ct. 237, 239, 322 U. S. 575, 92 L. Ed. . The same rule has been enunciated in at least seventeen states and applied in others.

It is technically precise to say in the instant case that the determination of the question raises the doctrine of estoppel by judgment and not the doctrine of res judicata. The difference was clearly enunciated in **State, ex rel. Water Co. v. Sanitary District, 169 Oh St 31, 157 N. E. 2d 116, 8 O. O. 2d 150**, Bell, J., speaking for the court said:

"In the case of estoppel by judgment, only those issues actually litigated and determined in the preceding action are foreclosed so far as subsequent determination is concerned."

The facts of the motion for blood grouping test were established when defendant was arraigned on indictment number 4600, which are:

1. Indictments numbers 3965 and 3973 are based on identical offenses as numbers 4477, 4528 and 4600.

2. All indictments are prosecuted by and on behalf of the State of Ohio.

3. That the child, Jeffrey Lynn Braskett, is one and the same child named in each indictment.

4. That the defendant, Gene (aka Eugene) Braskett, is one and the same person named in each indictment.

5. That Jeffrey Lynn Braskett was found to be the legitimate child of the defendant in cases numbers 3965 and 3973, and the same was reduced to judgment.

If it is the law of Ohio, and we find it so to be, that estoppel by judgment is applicable to the issue of paternity, it meets the test in that the estoppel relates to the same matter in a physical sense as that which was subject of judgment in former proceedings. It also raises an identical question of law or issue of fact which was expressly determined by such former judgment.

In construing §2317.47 R. C., as to whether defendant is entitled to an order of blood grouping tests, the key word is "relevant." Paternity of the named child is, of course, relevant to the indictment. But it is a separate question as to whether it is relevant in so far as it is available to defendant as a defense so that he would be entitled to introduce evidence thereon. The precise question has been the subject of judicial decision which is referred to in 147 A. L. R. 991, at 1004, where on questions of paternity the following is said:

"A former conviction of the defendant for neglecting to provide for the support of a certain minor child, in which the paternity of the child was necessarily involved, was held to be conclusive evidence that the defendant was the father of the child and to estop the defendant, in a subsequent prosecution for failure to support the same child, from setting up the illegitimacy of the child as a defense or from introducing evidence to that effect. Com. v. Ellis (1893) 160 Mass. 165, 35 N. E. 773.

"Similarly, a former conviction in a prosecution for failing to provide for a minor child, necessarily involving a finding that the defendant was the father of the child, was held to be conclusive on the defendant, in a subsequent prosecution for a similar offense, on the question of parentage, and to render incompetent the defendant's evidence that he was not the father of the child. People v. Majado (1937), 22 Cal. App. (2d) 323, 70 P. (2d) 1015."

We are disinclined to a general application of sociological theories of jurisprudence. But in a case such as this, it will not do for the paternity of minor children to be put in issue more than once. Certainly if the issue had, at a former trial, been resolved in defendant's favor a special plea would properly be, and no doubt would be, immediately forthcoming. The legal justification of the Ellis and Majado cases, above quoted, are, of course, cogent enough, standing alone. We, therefore, conclude that the motion of the defendant is not well taken and that same should be overruled.

The Prosecuting Attorney on behalf of the State of Ohio is directed to prepare an entry accordingly submitting same to defendant's counsel and to the Court for approval, according to rule, noting defendant's exceptions.