169 N.J. Super. 524 (1979)
405 A.2d 418
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALPH INGENITO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided July 31, 1979.
*526 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Stephen P. Chatburn, designated attorney, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Simon L. Rosenbach, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant was charged in eight indictments with a variety of crimes encompassing receiving stolen property (N.J.S.A. 2A:139-1), breaking and entering with intent to steal (N.J.S.A. 2A:94-1), larceny (N.J.S.A. 2A:119-2), transferring firearms without being licensed (N.J.S.A. 2A:151-32) and possession of a firearm after conviction of a (particular) crime (N.J.S.A. 2A:151-8). It would serve no purpose here to detail at length the complex procedural history of these indictments. Suffice it to say that five of the indictments and certain counts of the other indictments were dismissed for one reason or another and *527 they are not a matter of concern here. Our attention is centered on the trials, nonjury and jury, of certain counts of the remaining three indictments. These trials were four in number, one indictment having been bifurcated. Defendant was convicted in each, appealed from these convictions and the four appeals have been consolidated. They are before us now.
Defendant was first tried in May 1976 on counts 11 and 12 of Indictment 292-75 charging him with illegally breaking and entering the house of one Lillian Phifer and stealing property of the value of $7,120 therefrom. A jury found him guilty on both counts. He was sentenced to concurrent terms of five to seven years in State Prison on each count.
He was next brought to trial in October 1976 on Indictment 291-75. All counts except 7 and 12 were dismissed. These counts, which originally charged receiving stolen goods of a value over $200 under N.J.S.A. 2A:139-1, were downgraded to charges of receiving under the value of $200, in violation of N.J.S.A. 2A:170-41.1. A bench trial followed. Defendant was convicted, sentenced to six months in the Cumberland County Jail consecutive to sentences then being served, and fined $500, the two counts being said to "merge for purpose of sentence."
Indictment 815-75 charged three different crimes in nine counts. Counts 1, 4, 6 and 8 charged transfer of a firearm without a license. Count 3 charged receiving stolen goods. Counts 2, 5, 7 and 9 charged possession of a firearm by one convicted of one of the crimes enumerated in N.J.S.A. 2A:151-5 (N.J.S.A. 2A:151-8). In a trial commencing in late November 1976 defendant was tried on Counts 1, 3, 4, 6 and 8. A jury found him guilty on all the illegal transfer counts but not guilty of receiving. Ultimately he was sentenced to one to three years in State Prison on each of the four counts, the terms to run consecutively to each other and consecutively to any term defendant was then serving.
Trial on the remaining counts of Indictment 815-75, all four of which charged possession of a firearm by one convicted *528 of a crime enumerated in N.J.S.A. 2A:151-5, commenced before a jury after the convictions on the other counts of the indictment as above. Defendant was convicted on all four counts. He was sentenced on each count to consecutive one- to three-year State prison terms. These were also made consecutive to any other sentences being served.
On this appeal, defendant urges:

 POINT I  The evidence presented to the Grand Jury was
 insufficient to support an indictment, therefore
 the convictions obtained must be overturned.
 [291-75; 292-75.]
 POINT II  The court committed error in denying the motion
 to dismiss Indictment No. 291-75.
 POINT III  The introduction of evidence concerning untried
 charges was error in that the prejudicial effect
 far outweighed any possible probative value as to
 credibility, and generally, untried charges
 cannot be introduced to attack credibility. [All
 Indictments.]
 POINT IV  Evidence previously suppressed by the court of
 another county was erroneously permitted into
 evidence at the trial of Indictment No. 292-75.
 POINT V  The prosecutor's remarks in summation concerning
 defendant's ability to be present at trial and
 hear the State's witnesses were a clear violation
 of defendant's Fifth and Sixth Amendment rights.
 [292-75.]
 POINT VI  It was error to permit the impeachment of
 defendant's credibility by question concerning a
 conviction then on appeal. [815-75, first trial.]
 POINT VII  Defendant's convictions for possession of a
 firearm by one convicted of a crime must be
 reversed as the State failed to prove its case at
 trial. [815-75, second trial.]
 POINT VIII  The sentences imposed are manifestly excessive.

We find the issues raised by the first six points clearly without merit. R. 2:11-3(e)(2). With respect to these, however, we would add the following observations:
Defendant claims the contention raised in Point III infects all four trials. However, he documents only the testimony in the trial of Indictment 292-75. He concludes the *529 argument in his brief on this point with the following statement:
This same practice of permitting the State to tack on evidence relating to untried indictments continued through the trials of Indictments Nos. 291-75, 815-75, so that not only those under 292-75, but all subsequent convictions now on appeal should be reversed.
It is not our duty to search the record to substantiate the argument of an appellate brief. State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977).
In connection with Point V, defendant's brief cites in support only State v. Robinson, 145 N.J. Super. 159 (Law Div. 1976). As the Attorney General points out, that decision was reversed, 157 N.J. Super. 118 (App. Div. 1978), certif. den. 77 N.J. 484 (1978).
With regard to Point VI, it was defendant himself, conducting his own cross-examination, who initiated the inquiry resulting in the admission of the now disparaged evidence. Later, counsel assigned to assist defendant in the trial, in examining defendant on direct examination, elicited from him testimony of two prior convictions. (One of these was admitted to have occurred in 1960; hardly a conviction still on appeal.) Beyond our refusal to reward invited error (if, indeed, error existed at all in the circumstances, and if it did, without respect to the question of its harmlessness), we are chagrined by the failure of defense counsel to comply with the express mandate of R. 2:6-2(a)(1). A casual reference in the text of the argument simply claiming "plain error" does not constitute compliance with the requirement of the rule enjoining, as mandatory, that "any point not presented below be so indicated by including in parentheses a statement to that effect in the point heading."
Points VII and VIII produce some concern.
We turn to defendant's contention that the State failed to prove its case (on the gun possession counts of Indictment 815-75) at trial. Defendant's argument is that the State *530 relied on the earlier convictions in the trial of the other counts of 815-75 as its sole proof of defendant's guilt at this trial. His objection is that since defendant "was in the process of appealing" those convictions, any use of them at this trial was (or should have been) precluded by the doctrine of State v. Blue, 129 N.J. Super. 8 (App. Div. 1974), certif. den. 66 N.J. 328 (1974).
At the outset, we disregard the fact that defendant simply was not in the process of appealing the earlier conviction in 815-75. Defendant was not even sentenced on the earlier conviction at the time of the later trial, so the time for appeal was not even ripe. Needless to say, this consideration does not affect the Blue principle.
But defendant's point, expressly directed at the failure of the State properly to prove that defendant was in fact previously convicted of a crime enumerated in N.J.S.A. 2A:151-5, and citing Blue, supra, in this respect, must fail because defendant personally stipulated to qualifying prior convictions not the subject of Indictment 815-75. One of these went back as far as 1961.
Defendant's brief (rather inadequately, citing only State v. Thomas, 114 N.J. Super. 360 (Law Div. 1971) in this respect and even then failing to cite the modification of that opinion at 61 N.J. 314 (1972); see State v. Hild, supra) suggests in a one-paragraph statement defendant's complaint that proof of possession (as distinct from prior conviction) rested solely on the prior 815-75 convictions, and so, collateral estoppel being unavailable to the State (State v. Thomas, supra), the only proof of possession must fail. Such an argument was made by the defense at the end of the State's case.
Defendant labors under a misimpression with respect to this point which defeats his argument, but the misimpression is one of logic and not of law. It is wholly true, as he contends, that he is entitled to be tried anew on the issue of possession and that it is incumbent upon the State in that trial to prove beyond a reasonable doubt all the material elements of the crime. Accordingly, it is also true *531 that strict application of the doctrine of collateral estoppel might well be unavailable against him, as Law Division Thomas, supra (citing no authority  and the point is not considered in the Supreme Court "modification") suggests. Collateral estoppel bars the "relitigation of any issue which was actually determined in a prior action." State v. Gonzales, 75 N.J. 181, 186 (1977) (emphasis supplied). Defendant protests that he cannot be denied another trial on the factual issue in connection with a different charge. As to this he may well be right.
But we need not determine that here because he did in fact receive another trial and the issues were submitted to the jury with a proper instruction that a conviction could result only when the jury was convinced beyond a reasonable doubt that all the material elements of the State's case had been proved.
The real issue here, then, does not go to the right of defendant to insist that the State prove its case. Rather it goes simply to the admissibility of evidence. The question is whether the prior convictions are relevant as proof  in this case of possession of the weapons. We see no reason at all why they should not be. It seems to us that that precise issue  possession and control were essential to the transfer  having been fully tried between the same parties and decided by a duly empaneled jury of presumably reasonable persons acting in accordance with proper instructions as to the law and resulting in a verdict which, as here, has withstood successful appeal by defendant, that fact has some tendency in reason to prove the basic fact of possession. Evid. R. 1(2). The rationale behind this fairly irresistible conclusion is the real reason for the application of the much more stringent collateral estoppel prohibition against the State in criminal matters, and this even in cases of acquittal where the actual factual basis for the jury verdict cannot be certainly known. State v. Gonzales, supra, at 193.
The important difference between consideration of the prior result in terms of a rule of evidence rather than a rule *532 of procedure is to be seen in the difference in effect. In the Gonzalez situation  the true collateral estoppel  the prior result is binding. In the application here it is merely evidential, to be considered with all the other evidence in the case.[1] That is exactly what occurred here and we see nothing wrong with it.
Lastly in respect of Point VII, we find defendant's piggyback argument seeking merger of the convictions of the later trial of 815-75 as entirely without merit in the circumstances of this case. R. 2:11-3(e)(2).
Consideration of Point VIII dealing with the alleged excessiveness requires that the sentences be set aside and the matter be remanded for resentencing.
Our concern began with an intuitive reaction that the wholesale consecutive nature of all terms in all indictments (and to each other), except for the sentences on 292-75 and on the downgraded 7th and 12th counts of Indictment 291-75, required substantial justification in order that the aggregate 13-1/2 to 31-1/2 years (plus a fine) not be thought excessive. Then we recalled the teachings of State v. Whitaker, 79 N.J. 503 (1979). The rub here, though, is that nowhere, either in his pronouncement of sentence[2] or in the written judgments, does the sentencing judge state his reasons for imposing the respective sentences. R. 3:21-4(e); 3:21-5; State v. Leggeadrini, 75 N.J. 150, 157 (1977). Even State v. Whitaker, supra, does not counsel blind deference.
*533 The judgments of conviction are affirmed. The sentences are vacated and the matters are remanded for resentencing to be accompanied by a full and explicit statement of reasons. Jurisdiction is retained solely for review of the sentences imposed. This being so, there is no need for us to consider presently the separate point of defendant's pro se brief complaining that the sentences imposed constitute unconstitutionally cruel and unusual punishment.
Judgment accordingly.
MORGAN, J.A.D. (concurring).
My only disagreement with the court's opinion is in its approach to defendant's implicit contention that he is entitled to a second jury determination as to whether he possessed the weapons which the first jury found him guilty of having unlawfully transferred. There can be no doubt but that the first jury concluded beyond a reasonable doubt that defendant actually or constructively possessed the weapons he was found guilty of having transferred. I see no reason in law, constitutional or statutory, or in considerations of policy, why a defendant should be entitled to a second jury determination of this same issue. Had the charge of wrongful transfer and possession by one previously convicted of crime been tried together, the issue of possession would have been determined by one jury. Had the second trial immediately followed the verdict in the first, and to the same jury, there would have been no need to repeat the evidence of the possession which the jury heard and passed on in its return of the first verdict.
The only reason why the matter had to be presented to two juries was the bifurcation required to protect defendant from the jury in the wrongful transfer charge being informed of the prior conviction necessary to convict on the charge of possession by one previously convicted of crime. State v. Middleton, 143 N.J. Super. 18 (App. Div. 1976). It makes little sense to conclude from that measure, designed for defendant's protection, that in all such bifurcated cases the second trial must be a plenary one in every sense. Defendant cannot *534 contend that he was denied a jury trial with respect to the issue of his possession. He was represented, confronted the witnesses against him, and fully participated in a jury trial of that issue.
The State candidly admits that the form of its case for possession of a weapon by one previously convicted of crime took into account prior resolution of the issue of defendant's possession by a prior jury. In doing so, the State sought benefit from the doctrine of collateral estoppel, thereby raising an issue undetermined by an appellate court in New Jersey. State v. Thomas, 114 N.J. Super. 360 (Law Div. 1971), mod. 61 N.J. 314 (1972) suggests, at the trial level, that the State is precluded from the benefits of collateral estoppel. The Supreme Court modification of the trial court opinion, however, made no reference to that suggestion. Whether or not a defendant will be bound by a jury resolution of an issue adverse to him remains an open question in this State.
Authority elsewhere is not plentiful. Most of it supports the State's use of collateral estoppel where it has been shown that defendant participated in trial of the issue, and the issue, parties and burdens of proof are the same. See Hernandez-Uribe v. United States, 515 F.2d 20 (8 Cir.1975), cert. den. 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976); United States v. Colacurcio, 514 F.2d 1 (9 Cir.1975); United States v. Rangel-Perez, 179 F. Supp. 619 (S.D. Cal. 1959); State v. Braskett, 10 Ohio Op.2d 497, 162 N.E.2d 922 (Ct. Com. Pleas 1959); People v. Mojado, 22 Cal. App.2d 323, 70 P.2d 1015 (Dist. Ct. App. 1937). A few courts have rejected the State's affirmative use of collateral estoppel. See United States v. DeAngelo, 138 F.2d 466, 468 (3 Cir.1943); United States v. Bruno, 333 F. Supp. 570, 576 (E.D. Pa. 1971) (dictum); United States v. Carlisi, 32 F. Supp. 479, 482 (E.D.N.Y. 1940) (dictum). See also, United States v. Cheung Kin Ping, 555 F.2d 1069, 1076 (2 Cir.1977).
*535 Without deciding the full extent to which the State can avail itself of the benefits of a prior resolution of an issue adverse to a defendant in a criminal cause, I am satisfied that in this matter judicial economy can be served without sacrifice of this defendant's essential interests and therefore would hold him bound by the prior jury finding that he possessed the weapons that jury convicted him of wrongfully transferring.
NOTES
[1] Defendant here argued to the jury the absence of any other testimony than the documentary evidence and inferred that reasonable doubt might be engendered by the fact that with respect to the witnesses whose testimony produced the earlier verdict, "you had no opportunity to judge their credibility."
[2] We have not been furnished with a sentencing transcript with respect to counts 1, 4, 6 and 8 of Indictment 815-75. The written judgment is subject to the infirmity which has produced the remand herein.