No. 79-57

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN THE MATTER OF DANIEL McFADDEN

_____

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Daniel McFadden, Pro Se, Deer Lodge, Montana

    For Respondent:

        Hon, Mike Greely, Attorney General, Helena, Montana

        John G. Winston, County Attorney, Butte, Montana

_____

Submitted: November 29, 1979

Decided: JAN 16 1980

Filed: JAN 16 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is an original petition for post-conviction relief by Daniel McFadden, an inmate of the Montana State Prison. Petitioner contends that he is entitled to designation as a "nondangerous offender for purposes of parole eligibility" under the provisions of section 46-18-404(1), MCA. Designation as a nondangerous offender enables a prisoner to be eligible for parole after he has served one-quarter of his sentence.

On September 14, 1978, petitioner entered a guilty plea on a felony charge of theft; and the Silver Bow County District Court ordered an evaluation and a presentence investigation. The diagnostic and evaluation final report recommended that petitioner be given a ten year sentence with nine years suspended. The adult parole and probation officer conducted a presentence investigation and recommended a ten year sentence with nine years suspended. The reports did not recommend that petitioner be designated a dangerous offender. On November 9, 1978, the District Court sentenced petitioner to ten years in prison with five years suspended, and designated him as a dangerous offender.

Petitioner contends that he is entitled to designation as a nondangerous offender under section 46-18-404(1), MCA. Although this statute was amended by the legislature in 1979, the instant case must be considered in accordance with the statutory provisions in effect at the time of sentencing in November 1978. Section 46-18-404(1)(a) is not applicable, since during the five years preceding the commission of his offense, petitioner had not been convicted of, or incarcerated for, an offense for which a sentence in excess of one year could have been imposed. Apparently in accordance with section 46-18-404(1)(b) the District Court determined that petitioner

-2-

represented a substantial danger to other persons or society, and designated him a dangerous offender.

Under section 46-18-404(1)(b), MCA, an individual may be designated a dangerous offender, if, in the discretion of the sentencing court, he is determined to represent a substantial danger to other persons or society; however, more than a mere recital of the statutory language is required. The sentencing court must articulate its reasons underlying its determination. The record reveals that the District Court never found that petitioner represented a substantial danger to other persons or society; but rather concluded that petitioner was not rehabilitatable because he had not been truthful with the court. Based upon that conclusion, the District Court designated petitioner a dangerous offender. The designation of petitioner as a dangerous offender is not supported by substantial credible evidence.

The District Court erred in designating petitioner as a dangerous offender; therefore, the cause is remanded with directions to designate the petitioner as a nondangerous offender for purposes of parole eligibility.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-3-