No. 14749

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

    vs.

WILLIAM STUMPF,

                    Defendant and Appellant.


Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph P. Hennessey, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Harold Hanser, County Attorney, Billings, Montana


                          Submitted on briefs: October 25, 1979

                                    Decided:        1980

Filed:

_____
                          Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant William Stumpf appeals from a judgment of the Yellowstone County District Court whereby he was sentenced to three years imprisonment for the crime of tampering with witnesses (section 45-7-206, MCA).

Defendant has two basic attacks on the statute itself. He claims that the substantive provisions of the statute are too broad, and furthermore, that the penalty provision does not contain proper guidelines for sentencing. Defendant cites no authority and virtually makes no argument to support his contention that the substantive provision of the statute is too broad, and we are not inclined to do that for him. Accordingly, we reject this portion of his argument.

Section 45-7-206(2), provides that "[a] person convicted of tampering with witnesses or informants shall be imprisoned in the state prison for any term not to exceed 10 years." He claims that the statute itself contains inappropriate guidelines for sentencing, and furthermore, that the trial court abused its discretion by sentencing him to three years in prison. The statute itself does not have to contain the sentencing guidelines, and therefore we find no merit to this contention. We do find, however, that the failure of the trial court to specify the reasons why defendant was sentenced to three years in prison, is an abuse of discretion.

We do not deny the discretion of a trial court to sentence a defendant within the limits set by the statute. Indeed, it has always been the position of this Court that the extent of punishment is vested in the sound discretion of the trial court. But here, although the sentence imposed was well within the statutory limit of ten years, we are

-2-

presented with no underlying reasons of why the trial court exercised its discretion in sentencing defendant to three years in prison. That a trial court has a right to exercise its discretion does not mean that a trial court should not disclose the reasons underlying a discretionary act. Absent these reasons, we as an appellate court, are left to guess as to why the trial court made a particular decision.

In Ballantyne v. Anaconda Co. (1978), 175 Mont. 406, 574 P.2d 582, set forth the underlying reasons why trial courts should set forth in the record the reasons for their decisions. Although that case involved the granting of a new trial without a specification of reasons, the same rationale applies to most of the decisions made by trial courts in both civil and criminal cases.

Although admittedly in a different context, this Court recently in the Matter of McFadden (1980), ___ Mont. ____, 605 P.2d 599, 37 St.Rep. 55, determined that a sentencing court must articulate its reasons underlying a determination that an offender was to be designated as a dangerous offender. Although McFadden turned on a statutory requirement, that reasoning also applies here.

In the context of this case, several jurisdictions require sentencing courts to state on the record the reasons for selecting a particular sentence. Some of these are controlled by statutes requiring the sentencing courts to disclose its reasons for sentencing (e.g., Pennsylvania, Louisiana, Illinois, Wisconsin, and Oregon). Others require it under the criminal procedure rules of the respective states (e.g., Pennsylvania, Iowa, and New Jersey). See, for example, State v. Ingenito (1979), 169 N.J. Super. 524, 405 A.2d 418; Com. v. Wareham (Pa. Super. 1978), 393 A.2d

-3-

951. We also note that the American Bar Association Standards Relating to Appellate Review of Sentences, require the sentencing judge to state his reasons for selecting the particular sentence imposed. Standard 2.3(c).

Although a defendant is of course entitled to have a sentence reviewed by the Sentence Review Board, there can be no question that a statement in the record at the time sentence is imposed as to the reasons for the particular sentence, can give valuable aid to the Board when it is called upon to review the particular sentence involved. Otherwise it, too, is forced to guess as to why the particular sentence was involved. Undoubtedly, the Board could always contact the sentencing judge, but the chances that a faulty memory will become a factor in this process are avoided when the reasons for the sentence are stated for the record at the time of the sentencing.

We note, furthermore, that this requirement that the sentencing court state the specific reasons for imposing the particular sentence involved, is consistent with the first paragraph of Canon 19, Montana Canons of Judicial Ethics, 144 Mont. at XXVI-XXVII:

> "In disposing of controverted cases, a judge
> should indicate the reasons for his action
> in an opinion showing that he has not dis-
> regarded or overlooked serious arguments of
> counsel. He thus shows his full understanding
> of the case, avoids the suspicion of arbitrary
> conclusion, promotes confidence in his intellectual
> integrity and may contribute useful precedent to
> the growth of the law."

We see no reason why a defendant sentenced to prison is not also entitled to know precisely why the sentencing judge chose the particular sentence involved. It is not enough that the sentence be within the statutory maximum. If that were the case, the sentence would simply not be an abuse of discretion, it would be plainly illegal. While

-4-

illegal action must inevitably be an abuse of discretion, an abuse of discretion can occur and still not be tainted by illegality.

For the foregoing reasons the sentence imposed is vacated and this cause is remanded to the District Court for resentencing consistent with what we have said in this opinion/ Other than as it applies to the defendant, This decision shall have prospective application only.

_____
                          Justice

We Concur:

_____

_____
          Justices

-5-

Mr. Chief Justice Frank I. Haswell dissenting:

I respectfully dissent from the majority opinion.

The punishment for the crime of which the defendant was convicted is a prison term not to exceed 10 years. Section 45-7-206, MCA. A sentence of three years imprisonment in the State Prison was imposed in this case. The extent of punishment is vested in the sound discretion of the sentencing judge. Petition of Amor (1963), 143 Mont. 305, 389 P.2d 54.

The majority hold that the district judge abused his discretion because he did not articulate his reasons for imposing a three year sentence in the record. This holding flies directly in the face of the presumption that the trial court is correct and it is the appellant's burden to overcome that presumption. State v. Lane (1977), 175 Mont. 225, 573 P.2d 198, 34 St.Rep. 1588; Petition of Meidinger (1975), 168 Mont. 7, 539 P.2d 1185.

Whatever the law in other states may be, I find no support in the laws of Montana for a requirement that the sentencing judge specify in the record his reasons for imposing a particular sentence within the limits provided by law. If the majority now seek to impose such additional requirement, they should at least give advance notice of the fact to the district judges of this state and not impose this additional requirement retroactively. See Kussler v. Burlington Northern, Inc. (1980), ____Mont.____, 606 P.2d 520, 37 St.Rep. 240, and authorities cited therein.

The majority state that their decision shall have prospective application only. Yet they set aside a sentence imposed over a year ago because the district judge failed to follow a sentencing requirement imposed upon him for the first time today. Prospective application?

The majority find solace in the case of In the Matter of McFadden (1980), ____Mont.____, 605 P.2d 599, 37 St.Rep. 55, decided after the sentencing in this case. Despite certain language

in that decision that might support a contrary view, I believe that <u>McFadden</u> is based on a lack of substantial evidence to support a determination that petitioner was a dangerous offender. This is a far cry from requiring the sentencing judge to specify his reasons for imposing a particular sentence in a given case.

_____
_____ Chief Justice _____