MR. CHIEF JUSTICE HASWELL
dissenting.
I respectfully dissent from the majority opinion.
The punishment for the crime of which the defendant was convicted is a prison term not to exceed 10 years. Section 45-7-206, MCA. A sentence of three years imprisonment in the State Prison was imposed in this case. The extent of punishment is vested in the sound discretion of the sentencing judge. Petition of Amor (1963), 143 Mont. 305, 389 P.2d 54.
The majority hold that the district judge abused his discretion because he did not articulate his reasons for imposing a three year sentence in the record. This holding flies directly in the face of the presumption that the trial court is correct and it is the appellant’s burden to overcome that presumption. State v. Lane (1977), 175 Mont. 225, 573 P.2d 198, 34 St.Rep. 1588; Petition of Meidinger (1975), 168 Mont. 7, 539 P.2d 1185.
Whatever the law in other states may be, I find no support in the laws of Montana for the requirement that the sentencing judge *229 specify in the record his reasons for imposing a particular sentence within the limits provided by law. If the majority now seek to impose such additional requirement, they should at least give advance notice of the fact to the district judge of this state and not impose this additional requirement retroactively. See Kussler v. Burlington Northern Inc. (1980), 186 Mont. 182, 606 P.2d 520, and authorities cited therein.
The majority state that their decision shall have prospective application only. Yet they set aside a sentence imposed over a year ago because the district judge failed to follow a sentencing requirement imposed upon him for the first time today. Prospective application?
The majority find solace in the case of In Matter of McFadden (1980), 185 Mont. 220, 605 P.2d 599, decided after the sentencing in this case. Despite certain language in that decision that might support a contrary view, I believe that McFadden is based on a lack of substantial evidence to support a determination that petitioner was a dangerous offender. This is a far cry from requiring the sentencing judge to specify his reasons for imposing a particular sentence in a given case.
MR. JUSTICE HARRISON concurs.