MR. CHIEF JUSTICE HASWELL
concurring in part and dissenting in part:
While I concur with the result reached by the majority with regard to the right to counsel issue, I must respectfully dissent from the majority opinion concerning the issue of abuse of discretion.
The majority decline to apply the requirement of State v. Stumpf (1980), 187 Mont. 225, 609 P.2d 298, 37 St.Rep. 673, that the trial court must articulate the reasons underlying its sentence determination. The holding of Stumpf expressly states that it is to have prospective application only, and for this reason the majority find the case inapplicable. Yet the requirement set forth in Stumpf was applied to the defendant therein, resulting in the setting aside of a sentence imposed by a district judge who was unaware of the requirement.
If this defendant’s appeal had been presented to us prior to the Stumpf case, we would have applied the same analysis and reached *531 the same result. The reasons for requiring district judges to articulate the basis for their sentencing decisions still exist, regardless of what Stumpf states with regard to prospective application. The issues are identical. The analysis should be identical and the result should be identical.
MR. JUSTICE SHEA dissents and will file a dissenting opinion later.