MR. JUSTICE SHEA
dissenting:'
I join in the dissent of Justice Daly. It is refreshing on occasion to see an opinion no longer bathed in judicial language, but instead addressing the fundamental issues underlying the surface issues.
We don’t know precisely why the trial court gave the sentence to defendant. In State v. Stumpf (1980), Mont., 609 P.2d 298, we held that “a trial court’s right to exercise its discretion does not mean that a trial court should not disclose the reasons underlying a discretionary act. Absent reasons, the appellate court can only guess as to why the trial court made a particular decision.” Here, the broad statement of the trial court that it relied on the sentencing report, without disclaiming that report’s inaccuracy, places an appellate court in the impossible situation of not knowing whether the trial court relied on erroneous parts of the report. A sentence in that situation should not be upheld.
In United States v. Latimer (6th Cir. 1969), 415 F.2d 1288, the Court held that error in a presentence investigation report, if relied on is a ground for remanding for resentencing. The case was remanded for resentencing because the record did not disclose whether the trial court had relied on erroneous or improper information. An eloquent argument in favor of a requirement that judges give reasons for their sentences, has been made in United States v. Bazzano (1977), 570 F.2d 1120, 1122, 1132.
Fundamental fairness requires that the reasons for a sentence be set out with precision. The defendant has a right to assurance that a judge was not relying on erroneous in *122 formation. The record here is demonstrably lacking in that assurance.