No. 81-470

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN THE MATTER OF
V.R.B., A Youth under eighteen.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable John Henson, Judge presiding.

Counsel of Record:

For Appellant:

Ann C. German, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula,
Montana

Submitted on briefs: June 10, 1982

Decided: October 26, 1982

Filed: OCT 26 1982

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

V.R.B. appeals an order of the Missoula County District Court (sitting as the Missoula County Youth Court) finding V.R.B. to be a delinquent youth and ordering his placement in the custody of the Department of Institutions, to be confined at Pine Hills School for Boys until he reaches age 21 or is sooner released by the Department of Institutions. The appeal concerns the completeness of the findings of fact entered by the court.

The youth contends it was error for the trial court not to enter findings of fact setting forth the basis of the order of commitment, and further contends there was insufficient evidence to support the order. The trial court entered only a finding that the youth had committed the offense of burglary as charged in count II of the petition and a further finding that the youth was a delinquent youth as defined in section 41-5-103(12)(a), MCA. Based only on these findings the trial court entered its order of commitment. Because we find the findings to be incomplete, we will not independently review the sufficiency of the evidence. Rather, we remand to the trial court for entry of appropriate findings.

The youth moved to Missoula with his parents in the fall of 1980, and in November 1980, he was placed on juvenile probation following arrests for criminal activity. He was assigned to a probation officer. He was again arrested for criminal activity in January and February 1981. On February 23, 1981, the Missoula County Attorney filed a petition in Youth Court to have the youth declared a delinquent youth.

The youth's attorney and the county attorney agreed to continue the hearing on the petition so that the youth could participate in a drug and alcohol treatment program and undergo a psychiatric evaluation.

On July 8, 1981, the youth admitted to the count II allegation in the petition that he had committed a burglary. The youth denied the other counts and a dispositional hearing was set for July 27, 1981.

At the hearing, the Youth Court heard testimony of the probation officer, a school psychologist, an employment and training counselor, the youth's parents, and the youth himself. The Youth Court also received into evidence a psychiatric evaluation and social history which had been prepared for the court. At the close of the hearing, the Youth Court judge said:

> "Well, the Court has reviewed the reports as prepared by [the probation officer,] Mr. Welch and the psychiatric evaluation prepared by Dr. Stratford and has listened to the testimony.
>
> "At this time I will adjudge that he has been found and declared to be a Delinquent Youth to be dealt with under the Montana Youth Court Act.
>
> "At this time I will order his commitment to the Department of Institutions until he is twenty-one or otherwise released."

Later, the Youth Court judge entered formal findings and conclusions stating only that the youth had committed the burglary and was a delinquent as defined in section 41-5-103(12)(a), MCA, and a formal order of commitment.

The Youth Court's finding that the youth had committed a burglary, a charge to which the youth admitted, and which there was abundant evidence to support, was sufficient to support a conclusion that the youth under section 41-5-103(12)(a), MCA, was a delinquent youth. But no specific

-3-

findings were made to justify the dispositional order--
that is, the order of commitment. Although the State argues
that the record justifies the dispositional order, it is not
our function, absent findings of the Youth Court, to search
the record to satisfy ourselves that the order was correct.

A Youth Court judge is required by section 41-5-521(2),
MCA to "[m]ake and record his findings on all issues" in
an adjudicatory hearing before a judge without a jury. We
specifically extended that requirement to Youth Court
dispositional hearings. In the Matter of Geary (1977), 172
Mont. 204, 562 P.2d 821. This Court has repeatedly emphasized
the importance of findings in all kinds of litigation, and
we have emphasized the importance of findings and reasons to
be given for the imposition of criminal sentences. State v.
Stumpf (1980), ___ Mont.___, 609 P.2d 298.

In United States v. Bazzano (1977), 570 F.2d 1120, the
Court emphasized the importance of findings and reasons
given in performance of the sentencing function of a trial
court:

> "Such a rule would help to assure that sentences
> are grounded on the facts of a particular case,
> and would serve the broader aims of promoting
> the defendant's rehabilitation as well as the
> fairness and rationality of sentencing
> procedures. It would also eliminate the
> undue delay that frequently results when the
> sentencing process is questioned in an appellate
> court, and the trial judge has not given his
> reasons for the sentence. These gains would
> obtain without overly burdening trial judges,
> and without invading the realm of their discretion
> to set sentences on the basis of their knowledge
> of the defendant and the circumstances surrounding
> the crime." United States v. Bazzano, supra, at
> 1138.

The decision reached after a dispositional hearing is
or at least can be equivalent to a sentence and we see no
reason why the trial courts should not set forth the basis
of their decisions. In fact, a fair reading of Stumpf, supra,

-4-

should not require a Youth Court judge to read between the lines to determine that he should also give reasons for his decision after a dispositional hearing. One's liberty can be as effectively curtailed by a decision reached after a Youth Court dispositional hearing as it can be on a decision reached after a sentencing hearing in a criminal case. This Court should not be compelled to guess at why the court made the decision it did, nor should anyone else involved with the process.

Although we remand this case for entry of appropriate findings, we note that the youth's attorney, after the order and findings were entered, could have petitioned the Youth Court to enter appropriate findings and conclusions. If this had been done, and if the Youth Court had complied, as well it should, this appeal may have been avoided. There is enough case law on the books giving trial courts and attorneys notice that reasons for decisions are a necessary and fundamental part of the decision making process. To be of any value to the litigants, to the public, or to this Court, those reasons must be set forth in the record.

Judgment is vacated and remanded for entry of appropriate findings and for entry of judgment based on those findings.

Daniel J. Shea
Justice

-5-

We Concur:

_John Conway Harrison_

_signature_

_signature_

_John C. Sheehy_
Justices