No. 87-154

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-,

WILLIAM PETROFF,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Fourth Judicial District
              In and for the County of Missoula
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Carol Mitchell, Missoula, MT

    For Respondent:

        Honorable Mike Greely, Attorney General, Helena, MT
        Barbara Claassen, Assistant Attorney General
        Robert L. Deschamps, III, County Attorney, Missoula, MT
        Edward McClain, Deputy County Attorney

---

Submitted on Briefs:  March 31, 1988

Decided:  May 6, 1988

Filed:  MAY 6 - 1988

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendant (Petroff) appeals from the sentence imposed by the District Court of the Fourth Judicial District, Missoula County. We affirm.

The issues before the Court are:

1. Did the District Court properly delineate its reasons for imposing sentence?

2. Did the District Court improperly rely on erroneous information in sentencing Petroff?

On October 14, 1983, an information was filed charging Petroff with two counts of felony bad check writing. The first count charged the issuance of a $700 bad check; the second count charged the issuance of a $200 bad check as part of a common scheme. The record indicates that Petroff had written several other checks without sufficient funds to cover the drafts.

Following the District Court's rejection of the initial plea bargain, Petroff plead guilty on Count II of the information. Count I was dismissed on the request of the State.

The matter of sentencing came before the court on October 15, 1984. At that time, the District Court deferred imposition of sentence for a period of three years, provided that Petroff abide by certain conditions. The conditions imposed required, inter alia, that Petroff pay restitution in the amount of $2,561.35; that he abstain from maintaining a checking account; that he maintain contact with his Probation Officer; that he receive permission before changing his place of residence; and that he seek and maintain employment.

A petition requesting revocation of probation and imposition of sentence was filed on October 15, 1985. The petition alleged Petroff had failed to make restitution

payments since May, 1985. The petition was subsequently dismissed upon payment of the arrearage.

A second petition requesting revocation of probation and imposition of sentence was filed on May 22, 1986. The petition alleged, and Petroff subsequently admitted, that he had failed to pay restitution; that he had failed to maintain contact with his Probation Officer; that he had moved without permission; and that he failed to maintain employment.

Following extradition from Georgia and admission of the probation violations, the District Court sentenced Petroff to ten years in prison, with three years suspended. Although the District Court did not state reasons for the sentence at that time, its judgment filed March 11, 1987, states the following:

The reasons for the judgment are as follows:

1. The recommendations of the Pre-Sentence Investigation;

2. The Defendant's prior criminal record.

Petroff moved for reconsideration of sentence based on alleged inaccuracies in the pre-sentence investigation. The motion for reconsideration was heard by the District Court on March 19, 1987. At that time, the following exchange occurred:

THE COURT: Well, this case has a fairly extensive history. It goes back to a plea bargain in 1984 and a Judgment from that date. Thereafter, a probation violation, one dated October 10, 1985, one dated October -- or May 9, 1986. He's been given two chances before this.

What is going to change things at this time, Mr. Mansch?

. . .

3

THE COURT: Well, you have been given two opportunities in the past. I gave you two breaks before, and this time you had to be brought back from the state of Georgia.

I think my judgment is very fair . . . and the judgment will stand.

The first specification of error concerns the District Court's alleged failure to state the reasons for the sentence imposed. Petroff argues, in effect, that the statement contained within the judgment, standing alone, is insufficient. We disagree.

Generally, the manner and extent of punishment is vested in the sound discretion of the trial court. However, in State v. Stumpf (1980), 187 Mont. 225, 609 P.2d 298, we recognized that the requirements of basic fairness mandate the acknowledgement of a criminal defendant's right to be informed of the reasons underlying his or her punishment. We also noted the adverse effect the failure to state such reasons had on the ability of an appellate court, and the Sentence Review Board, to conduct an informed evaluation of a case. 187 Mont. at 227, 609 P.2d at 299. The Stumpf rationale does not impose a duty upon the District Court to set forth its reasoning orally in open court and in writing, however.

From the record, it is clear that the judgment clearly informed Petroff of the reasons underlying his sentence. No more is required. See, State v. Johnson (Mont. 1986), 719 P.2d 1248, 43 St.Rep. 1010.

Petroff also contends that the District Court relied upon incorrect information in sentencing him. Specifically, that the court wrongly assumed that Petroff had two previous probation violations. We find Petroff's argument strained at best.

4

Although this Court has held that a criminal defendant has a right to a sentence based upon substantially correct information, State v. Herrera (1982), 197 Mont. 462, 643 P.2d 588, we will not strain at worst-case assumptions in order to find a mistake. Rather, the District Court is presumed to be correct. State v. Lane (1977), 175 Mont. 225, 573 P.2d 198; Petition of Meidinger (1975), 168 Mont. 7, 539 P.2d 1185.

The statements of the District Court, reproduced infra, do not indicate that the court felt Petroff had two chances to correct probation violations and failed to do so. Rather, the District Court correctly recognized that Petroff had two prior chances to avoid a more severe penalty, namely, the deferred imposition of sentence and forgiving the allegations contained within the first petition to revoke.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5