No. 95-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RONALD DeSALVO, a/k/a
RONALD SALVATI

Defendant and Appellant.

FILED

SEP 29 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David L. Irving, Glasgow, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, John
Paulson, Assistant Attorney General, Helena,
Montana; Kenneth Oster, Valley County Attorney,
Glasgow, Montana

Submitted on Briefs:  July 27, 1995

Decided:  September 29, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Following a pre-sentence investigation, the Seventeenth Judicial District Court, Valley County, sentenced Appellant Ronald DeSalvo, a/k/a Ronald Salvati (DeSalvo) to 15 years in the Montana State Prison as a persistent felony offender. The District Court denied DeSalvo's motion for reconsideration. DeSalvo appeals the District Court's denial of his motion for reconsideration and its judgment entered November 14, 1994. We affirm.

## ISSUES

DeSalvo presents the following issues on appeal:

Did the District Court abuse its discretion by:

1) not considering evidence of mitigation at the sentencing hearing;

2) finding that based on the evidence, DeSalvo's mental capacity was not significantly impaired;

3) relying on substantially incorrect information at the sentencing hearing;

4) denying DeSalvo the right to confront a witness at the sentencing hearing by relying on a 20-year old psychiatric report prepared by a person not at the hearing; and

5) imposing a sentence which represents cruel and unusual punishment?

## BACKGROUND

DeSalvo broke into a drugstore in Glasgow, Montana, and stole prescription drugs. The County Attorney for Valley County charged DeSalvo with burglary, theft, and criminal possession of dangerous drugs, all felonies. Upon motion by the State to dismiss the charges of burglary and theft, the District Court ordered the

2

dismissals. Initially, DeSalvo pleaded guilty to criminal possession of dangerous drugs, but the District Court did not accept the plea because DeSalvo was not willing to admit to all elements of the offense. On May 2, 1994, the District Court accepted DeSalvo's guilty plea.

The State filed a notice of intent to seek sentencing for DeSalvo as a persistent felony offender. DeSalvo requested the District Court to appoint a professional to conduct a psychological evaluation and to help evaluate his psychiatric record from the Warm Springs State Hospital. The District Court appointed Dr. Kay Dorr. DeSalvo then applied for a hearing on exceptions to mandatory minimum sentences. The District Court granted the hearing and heard the evidence on exceptions, finding that DeSalvo had no significant impairment and therefore his application for an exception to the mandatory minimum sentence did not apply. At the sentencing hearing, the District Court found DeSalvo to be a persistent felony offender and sentenced him to 15 years in the Montana State Prison. DeSalvo moved for reconsideration, and the District Court subsequently denied the motion. DeSalvo appeals from the District Court's order denying his motion for reconsideration and from the judgment filed November 14, 1994.

## DISCUSSION

DeSalvo claims that the District Court abused its discretion by sentencing him to 15 years in prison as a persistent felony offender. Specifically, he argues that the District Court committed five errors that amount to an abuse of discretion. Each

3

of these will subsequently be addressed in turn.

At the outset, however, it is important to reemphasize that we consistently grant trial judges broad discretion to determine appropriate punishment and will not review a sentence on appeal for mere inequity or disparity. State v. Hembd (1992), 254 Mont. 407, 411, 838 P.2d 412, 415; State v. Dahms (1992), 252 Mont. 1, 13, 825 P.2d 1214, 1221. Accordingly, we review a district court's sentencing decision for legality only and will not disturb the decision unless the district court abused its discretion. State v. Blanchard (1995), 889 P.2d 1180, 1182, 52 St.Rep. 54, 56 (citing State v. Hurlbert (1988), 232 Mont. 115, 123, 756 P.2d 1110, 1115).

The District Court sentenced DeSalvo for criminal possession of dangerous drugs, pursuant to § 45-9-102(5), MCA, the maximum sentence for which is not more than five years incarceration. However, because the District Court found DeSalvo to be a persistent felony offender, it applied § 46-18-502, MCA. Section 46-18-502, MCA, states that "a persistent felony offender shall be imprisoned in the state prison for a term of not less than 5 years or more than 100 years . . . ." In accordance with our decision in State v. Fitzpatrick (1991), 247 Mont. 205, 805 P.2d 584, the District Court used § 46-18-502, MCA, in place of the maximum sentence and not as an additional sentence.

DeSalvo claims that the mandatory minimum sentence of five years does not apply to him because he falls within the exceptions found in § 46-18-222, MCA. Section 46-18-222(2), MCA, provides in part:

4

All mandatory minimum sentences . . . do not apply if:
. . . (2) the defendant's mental capacity, at the time
of the commission of the offense for which the defendant
is to be sentenced, was significantly impaired, although
not so impaired as to constitute a defense to the
prosecution. However, a voluntarily induced intoxicated
or drugged condition may not be considered an impairment
for the purposes of this subsection.

Specifically, DeSalvo claims that his mental capacity at the time of the commission of his offense was significantly impaired. Dr. Kay Dorr, the court appointed professional, testified that DeSalvo had dementia, a contemporary term for organic brain syndrome, and that by definition, dementia amounted to significant impairment. However, a psychological report conducted by Dr. James Dick at the Warm Springs State Hospital stated that DeSalvo's testing was not indicative of organic impairment. Additionally, the psychiatric evaluation by Dr. Alexander, the clinical director at Warm Springs State hospital, also noted that there were no indications of organic impairment.

1. Did the District Court abuse its discretion by not considering evidence of mitigation at the sentencing hearing?

In support of his claim of abuse of discretion, DeSalvo first argues that the District Court failed to consider the evidence he offered supporting mitigation of his sentence. Section 46-18-115, MCA, requires the sentencing court to afford the parties an opportunity to be heard on any matter relevant to disposition, including the applicability of mandatory minimum sentences and to ascertain if the defendant wishes to present any information in mitigation of punishment. DeSalvo presented evidence of mitigation

5

of punishment arguing that the exceptions to the mandatory minimum sentence for persistent felony offenders should have applied.

The State agreed that the sentencing court must consider evidence of mitigation of punishment. In fact, the State argued that the District Court did fully consider the evidence and expressly acknowledged Dr. Kay Dorr's testimony regarding dementia. DeSalvo concedes that the District Court granted an extension of sentencing, appointed Dr. Kay Dorr to examine him and to assist in evaluating his mental health reports, and heard testimony regarding Dr. Kay Dorr's and the Warm Springs State Hospital's evaluations of him. DeSalvo simply does not agree with the District Court's finding that the evidence did not support the exception to the mandatory minimum sentence.

As demonstrated by both the State and DeSalvo, the District Court fully considered DeSalvo's evidence of mitigation of punishment. DeSalvo presented no evidence that the District Court abused its discretion. Accordingly, we hold that the District Court complied with its statutory duty to consider evidence of mitigation of punishment.

2. Did the District Court abuse its discretion by finding that based on the evidence, DeSalvo's mental capacity was not significantly impaired?

Second, DeSalvo claims that the District Court's finding that his mental state was not significantly impaired was contrary to the evidence presented at the sentencing hearing. The State argues, however, that the District Court, like any trier of fact, is free to accept or reject any expert opinion evidence in light of all of

6

the evidence presented to the trier of fact. In addition, the State claims that the exceptions pursuant to § 46-18-222, MCA, apply only when the sentencing court intends to sentence the defendant to less than the mandatory minimum sentence.

In State v. Arlington (1994), 265 Mont. 127, 875 P.2d 307, the defendant argued that two of the exceptions to the mandatory minimum sentence applied. The district court conducted a hearing to determine if the exceptions applied and concluded that defendant's mental capacity was not substantially impaired. Arlington, 875 P.2d at 331. On review, we stated that "'[b]ecause the judge was not disposed to give the minimum sentence, there is no chance that he would have given less than the minimum sentence.' Therefore, we hold that the sentencing court correctly found § 46-18-222, MCA, inapplicable." Arlington, 875 P.2d at 331 (quoting State v. Stroud (1984), 210 Mont. 58, 78, 683 P.2d 459, 469).

In the instant case, the District Court stated that it did not intend to sentence DeSalvo to less than the mandatory minimum sentence. In its order denying reconsideration, the District Court stated that it was not disposed to consider the minimum sentence for a persistent felony offender and therefore the exceptions did not apply. DeSalvo himself recommended a sentence longer than the mandatory minimum sentence. Given the evidence presented, we hold that there was substantial evidence to support the District Court's decision that DeSalvo's mental state was not significantly impaired and, therefore, the District Court did not abuse its discretion.

3. Did the District Court abuse its discretion by relying on substantially incorrect information at the

7

sentencing hearing?

Third, DeSalvo argues that the District Court relied on erroneous information in the sentencing hearing. DeSalvo claims that the 20-year old psychiatric report prepared by Dr. James Dick conflicted with other reports from the Warm Springs State Hospital and with Dr. Kay Dorr's testimony and evaluation. The State contends that the District Court's ruling on DeSalvo's mental impairment is immaterial because the exceptions to § 46-18-222, MCA, did not apply. The State further argues that DeSalvo failed to show that the District Court relied on incorrect facts to reach its conclusion.

In State v. Petroff (1988), 232 Mont. 20, 757 P.2d 759, the defendant contended that the district court relied on incorrect information in sentencing him. Petroff, 757 P.2d at 761. We stated that although a criminal defendant has a right to a sentence based on substantially correct information, we will not strain to find a mistake. "Rather, the District Court is presumed to be correct." Petroff, 757 P.2d at 761 (citing State v. Lane (1977), 175 Mont. 225, 231, 573 P.2d 198, 202); see also State v. McPherson (1989), 236 Mont. 484, 490, 771 P.2d 120, 124.

In the instant case we find no indication that the District Court relied on incorrect information. The District Court based its conclusion that DeSalvo was deceptive on an assessment of all the evidence including the testimony of the probation officer and Dr. Kay Dorr. Furthermore, as pointed out above, DeSalvo's alleged significant mental impairment is immaterial because the District

8

Court did not consider the mandatory minimum sentence for DeSalvo. Therefore, we hold that the District Court did not abuse its discretion in relying on the Warm Springs State Hospital reports as well as the testimony of Dr. Kay Dorr to determine that DeSalvo's mental capacity was not significantly impaired.

> 4. Did the District Court abuse its discretion by denying DeSalvo the right to confront a witness at the sentencing hearing by relying on a 20-year old psychiatric report prepared by a person not at the hearing?

Fourth, DeSalvo argues that by relying on Dr. James Dick's 20-year old report, the District Court denied his Sixth Amendment right to confront the witnesses against him. Specifically, DeSalvo argues that because Dr. James Dick was not present at the sentencing hearing, DeSalvo could not cross-examine him. The State contends that a sentencing judge may use information from sources other than the testimony of witnesses in open court, and thus, at a sentencing hearing, a court may receive any probative evidence. We agree.

In State v. Higley (1980), 190 Mont. 412, 621 P.2d 1043, we held that the rules of evidence do not apply to the sentencing hearing. Higley, 621 P.2d at 1054-55 (citing Williams v. New York (1949), 337 U.S. 241, 250-51, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337, 1344 (holding that a denial of confrontation and cross-examination of witnesses in a sentencing hearing did not violate due process rights)); see also State v. D.B.S. (1985), 216 Mont. 234, 248, 700 P.2d 630, 639. In Higley, the sentencing judge told the defendant the facts he was relying on and gave the defendant the opportunity

9

to refute the information and therefore adequately protected the defendant's rights. Higley, 621 P.2d at 1055.

In the instant case, the District Court did not violate DeSalvo's right to confrontation at the sentencing hearing because the sentencing judge provided DeSalvo the opportunity to know what information would be presented and the opportunity to rebut that information. DeSalvo knew that the Warm Springs State Hospital reports would be considered and he had the opportunity to rebut the information contained in the reports. Accordingly, we hold that the District Court properly considered the Warm Springs State Hospital's reports at the sentencing hearing.

> 5. Did the District Court abuse its discretion by imposing a sentence which represents cruel and unusual punishment?

Fifth, DeSalvo argues that his 15-year sentence constitutes cruel and unusual punishment because it was excessive and based on punishment rather than rehabilitation. The State contends that a sentence is not cruel or unusual punishment if it falls within the maximum statutory guidelines. Moreover, review of sentences which do not exceed the statutory maximum properly lies with the Sentence Review Division. DeSalvo agrees, but counters that his punishment is greatly disproportionate to his crime and that it shocks the conscience and outrages the moral sense of the community.

We have held that "[t]he general rule regarding sentencing is that a sentence within the maximum statutory guidelines does not violate the Eighth Amendment prohibition against cruel and unusual punishment." Dahms, 825 P.2d at 1221. Moreover, the proper

10

channel for a challenge to the equity of a sentence as opposed to its legality is through the Sentence Review Division. Dahms, 825 P.2d at 1221. We have consistently held that "we will not review a sentence on appeal for mere inequity or disparity." Dahms, 825 P.2d at 1221 (citing State v. Almanza (1987), 229 Mont. 383, 386, 746 P.2d 1089, 1090-91).

In the instant case, the District Court sentenced DeSalvo within the maximum statutory guidelines. For that reason, the District Court did not impose cruel and unusual punishment on DeSalvo. We hold that further review of the sentence for any alleged inequity properly lies with the Sentence Review Division.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

11