No. 95-310

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Defendant,

  v.

LYLE HENRY JOHNSON,

      Defendant and Appellant.

FILED

MAY 17 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
            In and for the County of Missoula,
            The Honorable Douglas G. Harkin, Judge presiding

COUNSEL OF RECORD:

      For Appellant:

          Lyle Johnson, Pro Se, Deer Lodge, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General; John
          Paulson, Assistant Attorney General, Helena, Montana

          Betty Wing, Deputy County Attorney, Missoula,
          Montana

Submitted on Briefs:  April 11, 1996

Decided:  May 17, 1996

Filed:

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing and West Publishing Companies.

Lyle Johnson pled guilty in the Fourth Judicial District Court, Missoula County, to a charge of indecent exposure. He was sentenced to five years' imprisonment on the charge and a consecutive term of forty-five years' imprisonment as a persistent felony offender. He was designated a dangerous offender, and the court recommended that he be ineligible for parole or early release until he completes the sex offender program at the prison. Appearing pro se, Johnson appeals. We affirm.

The issues are whether Johnson **was** afforded effective assistance of counsel; whether the sentence imposed is disproportionate because it includes persistent felony offender enhancement; whether the State's notice of intent to introduce evidence of prior acts violated Johnson's rights; and whether the District Court acted impartially during the sentencing hearing.

The several deficiencies which Johnson alleges in the performance of his trial counsel relate to counsel's alleged failure to warn Johnson of the possible length of his sentence or to fully investigate the defenses of brain damage, state of mind, and misidentification by the **victims.** As the State's brief explains, the alleged deficiencies are either unsupported in the record or are based upon Johnson's misunderstandings of the law and of his attorney's role in the proceedings. Johnson has not shown

2

through reference to the record that his guilty plea resulted from any inadequacy on the part of his attorney or that his attorney's performance was in any way deficient under the standard set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Johnson's sentence is within the maximum statutory guidelines; therefore, it does not violate the Eighth Amendment prohibition against cruel and unusual punishment and any review of the sentence lies with the Sentence Review Division. See State v. DeSalvo (1995), 273 Mont. 343, 903 P.2d 202. As to his unsupported and conclusory allegation that the prosecution's notice of intent to introduce evidence of prior acts violated his rights, Johnson has waived this issue because he failed to raise it in District Court. Finally, the record does not support any claim of bias or inattentiveness on the part of the District Court.

We affirm the judgment of the District Court.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

3

May 17, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Lyle Johnson
700 Conley Lake Road
Deer Lodge, MT 59722


Joseph P. Mazurek, Attorney General
John Paulson, Assistant Attorney General
Justice Building
Helena, MT 59620

Betty Wing
Deputy County Attorney
Missoula County Courthouse
Missoula, MT 59802


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy