STATE, Respondent, *v.* GUSSENHOVEN, Appellant.

(No. 8511.)

(Submitted September 19, 1944. Decided October 7, 1944.)

[152 Pac. (2d) 876.]

*Mr. Jess L. Angstman,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. V. Bottomly,* Attorney General, *Mr. Fred Lay,* First Assistant Attorney General, and *Mr. Oscar C. Hauge,* County Attorney, for the State, submitted a brief; *Mr. Lay* and *Mr. Hauge,* argued the cause orally.

Honorable ALBERT BESANCON, District Judge (sitting in place of Mr. Justice MORRIS, disqualified), delivered the opinion of the court.

The defendant was convicted in the District Court of Hill County of selling intoxicating liquor to a person under the age of 21 years. This under section 11048.1 of the Revised Codes

of Montana of 1935, as amended by Chapter 124, 1941 Session Laws, and appealed to this Court from the judgment of conviction, and also from the order of the District Court denying his motion for a new trial.

The first assignment of error was on the ground that there was no substantial evidence to support a conviction. The charge was selling liquor to one minor, who testified, and six others, all ranging between 15 and 18 years of age, that at or about the same time the defendant sold such liquor to them, and each of them, in his place of business. All this evidence was perfectly competent. The boys seemed to have a rather complete knowledge of the liquor in the various drinks, and apparently a considerable portion of this knowledge was gained in the defendant's own place of business. (*State* v. *Sedlacek,* 74 Mont. 201, 239 Pac. 1002.) The Court properly and well covered the matter of other sales, in its Instruction No. 5. The defendant himself alone denied each and all of these sales. It seems the evidence against the defendant is not only substantial, but really overwhelming, and more than sufficient to submit the case to the jury.

The second assignment is that the Court erred in overruling the motion for a new trial. The grounds assigned were that the Court erred in questions of law during the trial, that the verdict is contrary to the law and the evidence, and that the evidence is insufficient to support any verdict. Appellant has shown no error of law, and as above stated, the evidence is amply sufficient. We are satisfied the Court's ruling in this particular was correct.

The third assignment is that the punishment was excessive. The punishment imposed was the minimum provided by the above cited laws of this state, and whether excessive or not is a matter for the legislature, and not for this court.

The judgment and the order denying a new trial are each and both affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, ADAIR and ERICKSON concur.