No. 13244

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

                Plaintiff and Respondent,

    -vs-

FRANKLIN MANN,

                Defendant and Appellant.

---

Original Proceeding:

Counsel of Record:

    For Appellant:

        J. Vaughan Barron argued, Great Falls, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        John F. North argued, Assistant Attorney General,
        Helena, Montana
        J. Fred Bourdeau, County Attorney, Great Falls,
        Montana
        Carroll C. Blend, Deputy County Attorney, appeared,
        Great Falls, Montana

---

                            Submitted: February 14, 1976

                              Decided: FEB 25 1976

Filed: FEB 25 1976

                    Thomas J. Kearney
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner filed a petition in this Court, pursuant to section 95-2601, et.seq., R.C.M. 1947, to set aside the sentence imposed upon him by the district court, Cascade County. An adversary hearing was granted.

On December 13, 1974, the Cascade County attorney filed an Information against petitioner, charging him with the crime of aggravated assault under section 94-5-202(1)(a), R.C.M. 1947. The assault was committed upon the person of one Dawn M. Schaeffer, a foster child two years old, placed with petitioner and his wife. Following arrest, petitioner was released on bond and trial was set for April 28, 1975. On that date, petitioner withdrew his plea of not guilty and entered a plea of guilty. Sentencing was set for May 29, 1975. After a presentence investigation, petitioner was sentenced to 15 years in the state prison.

During the period from the time of his arrest in December 1974, to his sentencing in May 1975, petitioner underwent evaluation and treatment from Dr. Edward E. Shubat, a clinical psychologist in Great Falls, Montana. Dr. Shubat's report was submitted to the trial court and he testified at the sentence hearing. The report shows petitioner was a 22 year old married man with an I.Q. of 123, which placed him roughly in the top six percent of the population. His record reveals no juvenile record nor any arrests. He has an honorable discharge from the United States Air Force. The child Dawn was placed in petitioner's home on July 17, 1974, as a foster home for the child, with the plan that she could be adopted by the couple if it worked out.

At the time of the sentence hearing, Dr. Shubat testified petitioner was suffering from an obsessive-compulsive neurosis at the time of the assault. However, he stated that after treatment petitioner worked toward learning how to deal with his neurosis and had

moved to that point where he would require no more than six months of treatment to be completely recovered. He further testified that, in his opinion, prison would be detrimental to petitioner and he was not a danger to anyone.

The trial judge noted, after hearing the testimony in mitigation:

> "I wish someone could come in here and tell the Court this little girl he beat up would have as good a treatment as he has got. All the rest of her life she is not going to recover. She is a baby, and until the day she dies she will probably be a vegetable through the acts of this gentleman. I have never seen such a terrible treatment of a child as that man gave her, and I can't overlook that. The man should be punished for the act that he did. Here is a baby girl, all the rest of her life will be nothing."

After entering the state prison, petitioner applied to the Sentence Review Division of the Supreme Court of Montana, for a review of his sentence. Hearing was held on July 25, 1975. Counsel for petitioner undertook to investigate the facts relied upon by the court in passing sentence and submitted to the Sentence Review Board:

1. A letter from Dr. Jack L. Haling, of the Pediatrics Department of the Great Falls Clinic who had examined and tested the child. Dr. Haling reported that the facts relied upon by the court "* * * is absolutely false."

2. Accompanying Dr. Haling's letter was a report by Nancy Shubat, Ph.D., a clinical psychologist, which confirms the findings of Dr. Haling.

After hearing, the Sentence Review Board denied the relief requested and appeal was taken to this Court.

Petitioner alleges the trial court, in relying solely upon an unsubstantiated fact appearing nowhere in the record, denied him his constitutional due process right under the United States Constitution and the Montana Constitution to notice and an opportunity to challenge the truth of a fact relied upon by the court in stripping him of his liberty for 15 years of his life.

The issue is whether or not the trial court had sufficient factual evidence before it to justify the sentence.

Petitioner relies upon Townsend v. Burke, 334 U.S. 736, 740, 68 S.Ct. 1252, 92 L Ed 1690, 1693; United States v. Weston, 448 F.2d 626; and United States v. Espinoza, 481 F.2d 553. These cases stand for the principle stated in Townsend, which petitioner alleges is applicable here:

> "* * * we conclude * * * this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand."

We find the cases relied upon by petitioner are factually not in point to the instant case and therefore are not applicable. Here, the trial court had far more than a statement which appeared in the presentence report by Mrs. Bettis, a supervisor of the Cascade County Welfare Department, that the child had sustained permanent damage from the beating.

In addition to the affidavit for leave to file the Information direct, which contained two pages of what happened, and upon which the court authorized the filing of the Information, the court signed orders and had before it the reports of Drs. J. A. Curtis, J. L. Haling, J. R. Halseth, Fred M. Long, Samuel Dachs, and George W. Schemm, their records, studies, examination, laboratory results, x-rays, and analyses prepared in their examination and treatment of the child Dawn.

Photographs of Dawn were taken on December 7, 1974, while she was at the Deaconess Hospital. The trial court authorized and issued a search warrant on December 10, 1974, for a "belt with buckle, hair, body tissue, blood and other evidence relating to a suspected assault on Dawn Schaeffer on or about December 5, 1974."

The belt was picked up by Officer Jack L. Macek, and was part of the evidence before the court at the time of the sentencing.

In addition, the court had before it a full investigatory report of Officer Macek, who went to the hospital with a deputy county attorney and who interviewed the various doctors and nurses in attendance. This report indicated that at 10:00 p.m. on December 7, 1974, the child was in a critical condition. The report notes:

"We found that she was in a coma, that the bruises extended from her head to her toes. Her head was bandaged. Her arms and legs were all bruised. The inner portion of her legs and vagina were purple. The side of her face was bruised, and one eye blackened. Her back had bruises on it, along with portions of her stomach. Her right side appeared to be paralyzed."

The report indicated the attending doctors were certain the child had been assaulted and the injuries were not from any accident. Dr. Curtis indicated that he felt the bruises extended over a period of time.

A letter in the file from the Cascade County Welfare Department dated May 16, 1975, reported that Dawn had been released from the hospital on February 4, 1975. Among other things, the letter states that at the time she was released

"* * *she was unable to sit alone and had just begun to feed herself. Her speech patterns were limited and she spoke in a parroting manner, smiling very little. As her injuries had caused neuromuscular damage, her movements on her right side appeared spastic and she had little control over that side of her body."

This Court has consistently held that if a sentence is within the statutory limits provided by the statute, it is not an abuse of the trial court's discretion. State v. Gussenhoven, 116 Mont. 350, 152 P.2d 876; Petition of Amor, 143 Mont. 305, 389 P.2d 54. Here, a review of the court file leads this Court to the conclusion that the trial court had sufficient facts before it. We find no abuse of discrection.

Finding no grounds to set aside the sentence, we affirm the district court.

_____
Justice

- 5 -

We Concur:

_James T Harrison_
Chief Justice

_Frank R. Haswell_

_Gene B Daly_

_Wesley Castles_
Justices.