No. 80-219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JOHNNY GARZA GARRIDO,

Defendant and Appellant.

_____

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable John McCarvel, Judge presiding.

Counsel of Record:

For Appellant:

Lawrence A. Anderson, Public Defender, argued,
Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mark J. Murphy argued, Assistant Attorney General,
Helena, Montana
Randall Snyder argued, Deputy County Attorney, Great
Falls, Montana

_____

Submitted: November 18, 1980

Decided: JAN 14 1981

Filed: JAN 14 1981

Thomas J. Kearney
_____ Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On September 20, 1979, defendant-appellant Johnny Garza Garrido was charged in the District Court of the Eighth Judicial District of the State of Montana with two counts of felony theft under section 45-5-301(1)(a), MCA. The county attorney and the defendant entered into a plea agreement. Defendant was subsequently sentenced to five years in the Montana State Prison and designated a nondangerous offender. Defendant appeals.

Defendant was charged with two counts of felony theft under section 45-5-301(1)(a), MCA. Thereafter, defendant entered a plea of "not guilty" to each count. After various pretrial motions, the county attorney and defendant entered into a plea agreement on January 4, 1980. The terms of the agreement were: (1) defendant would plead "guilty" to Count I, felony theft; (2) the State would dismiss Count II of its information, also felony theft; (3) defendant would recommend to the court that he receive a deferred imposition of sentence; (4) the county attorney would make no recommendation as to sentencing; and (5) the county attorney would indicate to the court at the time of sentencing that defendant had cooperated with the police and other authorities in this cause and in other causes pending before the District Court.

Pursuant to the terms of the agreement on January 4, 1980, defendant pleaded "guilty" to Count I. The District Court accepted defendant's plea and the State dismissed Count II of the information. The court set sentencing for February 5, 1980. Defendant then submitted himself to the probation and parole department for a presentence interview and investigation.

Prior to sentencing a presentence report was submitted to the court. Defense counsel received a copy of the presentence report which stated, "all law enforcement agency records attached." The presentence report concluded by recommending that defendant receive a three-year deferred imposition of sentence.

At the sentencing on February 5, 1980, pursuant to the terms of the plea agreement, the State advised the court that defendant had fully cooperated with police and law enforcement authorities and that his cooperation had resulted in a conviction in another case. Defense counsel also advised the court that defendant basically accepted the recommendations of the presentence report. The court then imposed sentence stating: "It is the judgment of this court you be sentenced to the Montana State Prison for a period of five years. For the purpose of eligibility of parole, you are found to be a nondangerous offender. Anything further?" "No, sir."

The following day, February 6, 1980, the Great Falls Tribune printed a story stating the court's reasons for imposing the sentence. The court stated that defendant was in the business of racket-style household thefts. Defendant, through his counsel, then moved the court in a combined motion to reconsider the sentence and/or to withdraw his "guilty" plea. The motion was based on grounds that the article in the Tribune articulated the court's reasoning for imposing the sentence, whereas no such reasons were articulated in open court before defendant and his counsel. The reasons given for imposition of the sentence indicated that the court obtained information in regard to this case from sources other than the facts and matters contained in the court file and the record generated in open court.

-3-

A hearing on the motion to reconsider was held on February 11, 1980. The author of the presentence report was called as a witness. The court then authorized defense counsel to ask the court questions in regard to the information upon which it based its sentencing decision. Defense counsel, having assumed that police investigative reports were not included within the term "all law enforcement agency records," asked the court how it obtained information that defendant was involved in five burglaries and three thefts. The court then asked defense counsel whether it had a copy of the police reports. Defense counsel advised that he did have copies of the police reports, and the court then exhibited copies of the police reports contained in its file. At that time defense counsel learned that the court routinely received copies of police investigative reports which were not generally attached to the copy of the presentence report delivered to the defense counsel, but defense counsel admits that his copies are generally obtained by discovery.

The combined motion was thereafter denied.

The issues presented on appeal are:

1. Whether the District Court abused its discretion by imposing sentence and judgment without first articulating the basis for its decision.

2. Whether the failure to provide defendant with all information supplied to the court in the presentence report denied defendant the right of effective assistance of counsel.

A sentencing judge is vested with discretionary power to determine the extent of punishment which may be imposed. Petition of Amor (1963), 143 Mont. 305, 389 P.2d 54. In the

instant case, defendant was charged with and pleaded guilty to committing the crime of felony theft and was sentenced to five years in the State Prison. The maximum sentence which may be imposed for the crime of felony theft is ten years. Section 45-6-301, MCA. This Court has consistently held that if a sentence is within the limits provided by statute, it is not an abuse of discretion. State v. Mann (1976), 169 Mont. 306, 546 P.2d 515; State v. Gussenhoven (1944), 116 Mont. 350, 152 P.2d 876. The sentence which defendant received was not an abuse of discretion.

Defendant, however, challenges not so much the sentence as the manner in which it was determined. The foundation of his challenge is State v. Stumpf (1980), ____ Mont. ____, 609 P.2d 298, 37 St.Rep. 673, which states that a trial court is required to articulate the basis upon which its sentencing discretion is exercised. Defendant alleges that by not stating its reasons for imposing the five-year sentence, the trial court abused its discretion. The holding of Stumpf, however, has prospective application only. It was not decided until April 3, 1980, some time after this defendant was sentenced on February 5, 1980. Yet, by granting a motion for reconsideration, it would appear that defendant had access to any facts he may desire.

It is well settled that this Court presumes the correctness of the lower court's order on appeal. It is the burden of the appellant to overcome such a presumption. State v. Lane, Jr. (1977), 175 Mont. 225, 573 P.2d 198; State ex rel. Stevens v. District Court (1976), 170 Mont. 22, 550 P.2d 385, 388. Defendant here has failed to overcome the presumption and, thus, has failed to meet his burden of proof.

Defendant alleges that he was denied the right to effective assistance of counsel because he was not provided with all information which was supplied to the court in the presentence report. However, the transcript record reveals that he was in possession of all the police reports. This discrepancy illustrates that any claimed ineffectiveness was not due to the court's withholding of information. Rather, defense counsel failed to inspect the reports and, thus, proceeded on an incorrect assumption of what was contained therein.

There is no evidence that defendant was prejudiced by his counsel's failure to inspect the presentence reports. Defendant has never alleged or attempted to prove that he did not engage in a "business" or a series of steal-to-order thefts or that he did not commit five thefts and three burglaries. These were the reasons sentence was imposed, and in the absence of any prejudice caused thereby, relief cannot be granted.

Affirmed.

_____
Justice

We concur:

_____
_____
Justices

Mr. Chief Justice Frank I. Haswell, concurring in part and dissenting in part:

While I concur with the result reached by the majority with regard to the right to counsel issue, I must respectfully dissent from the majority opinion concerning the issue of abuse of discretion.

The majority decline to apply the requirement of State v. Stumpf (1980), ____Mont.____, 609 P.2d 298, 37 St.Rep. 673, that the trial court must articulate the reasons underlying its sentence determination. The holding of Stumpf expressly states that it is to have prospective application only, and for this reason the majority find the case inapplicable. Yet the requirement set forth in Stumpf was applied to the defendant therein, resulting in the setting aside of a sentence imposed by a district judge who was unaware of the requirement.

If this defendant's appeal had been presented to us prior to the Stumpf case, we would have applied the same analysis and reached the same result. The reasons for requiring district judges to articulate the basis for their sentencing decisions still exist, regardless of what Stumpf states with regard to prospective application. The issues are identical. The analysis should be identical and the result should be identical.

_____
Chief Justice

Mr. Justice Daniel J. Shea dissents and will file a dissenting opinion later.

This cause was submitted prior to January 5, 1981.