No. 82-288

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

KAREN I. GRAY,

       Defendant and Appellant.

Appeal from:  The District Court of the Third Judicial District,
In and for the County of Powell, The Honorable
Robert Boyd, Judge presiding.

Counsel of Record:

    For Appellant:

        Karen I. Gray, pro se, Deer Lodge, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena,
Montana
Ted Mizner, County Attorney, Deer Lodge,
Montana

Submitted on Briefs:  April 21, 1983

Decided:  May 19, 1983

Filed:    **MAY 19 1983**

_Ethel M. Harrison_
                 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant appeals pro se from the sentence she received after she pled guilty to two counts of felony theft.

On September 10, 1981, defendant was charged with two counts of felony theft in the District Court of the Third Judicial District, Powell County. Court I charged defendant had made false statements to Powell County welfare employees to receive food stamps in the amount of $1,913. Count II charged defendant failed to report income accurately and fraudulently received $3,067.60 in AFDC payments. Defendant pled not guilty to both counts.

Thereafter, in conjunction with a plea bargain, defendant withdrew her pleas of not guilty and pled guilty to both counts on May 20, 1982. The substance of the plea bargain was the State agreed to recommend a sentence of three years suspended if defendant pled guilty to both counts. The District Court ordered a presentence investigation and set sentencing for July 8, 1982. On that day defendant appeared at the sentencing hearing, the State recommended a three-year suspended sentence, and the District Court ordered defendant serve three years in prison with all but thirty days suspended. The Court further ordered defendant make restitution to the State of Montana and serve the thirty days in the county jail at the rate of two days per week. Defendant appeals only the thirty-day sentence.

The substance of the issues raised on appeal is:

1. Whether the District Court erred in not imposing sentence as the State recommended.

2. Whether the District Court was prejudiced by the presentence investigation report.

Defendant first contends the District Court erred by not imposing a three-year suspended sentence as the State recommended. This Court has upheld the discretion of the District Court in sentencing a defendant who has pled guilty as part of a

plea bargain in State v. Mann (1976), 169 Mont. 306, 546 P.2d 515. Here, defendant was informed by the District Court that the recommendation of the State was not binding upon the Court. Defendant stated she understood. Therefore, she must accept the sentence pronounced by the District Court.

Next, defendant claims the District Court was prejudiced by the presentence investigation report. Most of defendant's objections stem from material contained in paragraph 9 of the report. The District Court ordered paragraph 9 stricken from the report at the sentencing hearing. In State v. Orsborn (1976), 170 Mont. 480, 486, 555 P.2d 509, this Court stated, "A convicted defendant still has a due process guarantee against a sentence predicated on misinformation." For defendant to here claim she did not receive due process, she must show the District Court pronounced sentence based upon misinformation contained in the presentence investigation report. This defendant has failed to show. Section 46-18-112, MCA, governs the contents of the presentence investigation report and we find with the exception of paragraph 9, which was stricken, the report complied with this section.

Judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices