No. 83-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

LEE R. CARSON,

            Defendant and Appellant.


APPEAL FROM:  The District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Colleen M. Dowdall, Missoula, Montana


        For Respondent:

            Hon. Mike Greely, Attorney General, Helena, Montana
            Robert Deschamps, County Attorney, Missoula,
            Montana


                        Submitted on Briefs:  January 12, 1984

                                   Decided:  March 2, 1984


Filed:    MAR 2 1984


            Ethel M. Harrison
_____
                    Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant appeals a sentence imposed by the Fourth Judicial District Court, Missoula County. We affirm.

Between August 4, 1980 and January 20, 1981 Lee Carson was charged in Missoula County, Montana with deceptive practices, two counts of felony theft, forgery and bail-jumping. He eventually pled guilty to all counts.

On March 25, 1981 the defendant was sentenced to twenty years in the Montana State Prison for forgery, and ten years on each of the remaining charges, to run concurrently. All of the sentences were suspended. The defendant was placed on probation and ordered to pay restitution.

Pursuant to a report of violation, a petition to revoke defendant's suspended sentence was filed on April 30, 1982. Defendant appeared on September 7, 1982 to deny allegations and file a motion to dismiss the petition for revocation. Defendant's motion was denied. On March 22, 1983 the court found that the defendant had violated his probation. On April 1, 1983, the defendant moved the court to reopen the probation violation hearing for new evidence. That motion was denied.

On May 11, 1983 the defendant was sentenced to twenty years in the Montana State Prison with thirteen of those years suspended.

On appeal defendant presents a singular issue:

Whether the sentencing court abused its discretion by its failure to state the reasons underlying the imposition of the original suspended sentence.

After entry of plea and as part of the sentence, the court ordered restitution to be paid in the amount of $856.79

and $1,326.40. Defendant was given six months from May 13, 1981, to make the restitution.

Defendant failed to pay restitution which caused the parole and probation officer with the Montana Department of Institutions to file a report of violation on April 29, 1982. Immediately thereafter the deputy county attorney of Missoula County filed a petition to revoke the suspended sentence alleging that defendant failed to make restitution as ordered by the court.

Defendant admitted that he had not paid restitution but moved the court to dismiss the petition to revoke on the grounds that the original suspended sentence of March 1981 was invalid due to the sentencing judge's failure to state specific reasons for imposition of the sentence.

The trial judge is granted broad discretion to determine the appropriate punishment for a conviction. However, the sentencing court must articulate its reasons underlying the imposition of any sentence. Although the legislature enacted a statutory requirement of specificity in 1983, the instant case must be considered in light of the controlling caselaw at the time of the original sentencing on March 25, 1981.

The leading case establishing requirement of judicial disclosure is State v. Strumpf (Mont. 1980), 37 St.Rep. 673, 674, 609 P.2d 298:

> " . . . Indeed, it has always been the position of this Court that the extent of punishment is vested in the sound discretion of the trial court . . . That a trial court has a right to exercise its discretion does not mean that a trial court should not disclose the reasons underlying a discretionary act. Absent these reasons, we as an appellate court, are left to guess as to why the trial court made a particular decision."

Respondent would limit the requirement to state reasons to those decisions imposing a prison sentence. The policy rationale discussed in Strumpf indicates that the requirement

3

for specifying reasons with particularity contemplates a greater purpose than serving as information to the defendant who is sent to prison. The requisite explanation of judicial rationale extends to "why the trial court made a particular decision." (emphasis added). State v. Strumpf, supra. The rationale for judicial disclosure of the grounds underlying a Court's decision is found in the Montana Canons of Judicial Ethics.

> "In disposing of controverted cases, a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law." Canon 19, 144 Mont. XXVI-XXVII.

In the instant case, however, the sentencing judge's failure to state the reasons for imposition of the concurrent, suspended sentences resulted in no prejudice to the defendant and constituted harmless error. Based upon the reasons recommended by the defendant and his attorney, the trial judge imposed what the defendant requested: "a lengthy suspended sentence" with restitution as a condition for probation. The reasons for the particular sentence were apparent from the record of the sentencing hearing. No substantial right of the defendant was denied; no prejudice resulted. To remand this cause for resentencing where the trial judge essentially followed defendant's request would be a meaningless exercise.

Affirmed.

Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5