No. 84-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

HARVEY HINTZ and KENNETH
SCHAFER,

Defendants and Appellants.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

W. M. Hennessey, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert McCarthy, County Attorney, Butte, Montana

Submitted on Briefs: August 9, 1984

Decided: November 20, 1984

Filed: NOV 2 1 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendants pleaded guilty to deliberate homicide in connection with the robbery of Community Gas Station in Butte. Without a presentence report, the District Court of Silver Bow County on November 12, 1975 sentenced each defendant to 100 years in prison. On September 20, 1982 defendants filed a petition for post-conviction relief. The denial of the petition is appealed. We affirm the District Court.

The issues are:

1. Did the District Court err in not ordering a presentence investigation report prior to sentencing the defendants?

2. Did the District Court enter sufficient findings as to the 100-year sentences for the crime of deliberate homicide?

3. Did the District Court deny the petition based on an erroneous belief that the sentencing judge had more information available than the record reflects?

On November 28, 1974 the two defendants were charged with the crimes of deliberate homicide and robbery. Almost one year later, on November 12, 1975, both defendants accepted a plea bargain under which the county attorney recommended the dropping of the robbery charge but made no recommendation as to the sentence on the deliberate homicide charge. Following the dropping of the robbery charge on motion of the county attorney, the District Court carefully questioned both defendants and determined that each of them understood that they were changing their pleas of not guilty to guilty, that there was no pressure upon them to do so, and that the maximum sentence on the charge of deliberate homicide was 100

years. The two defendants were represented by three attorneys during the proceedings. The District Court found no reason for a pretrial investigation and no objection was made by any of the attorneys.

Two attorneys spoke on behalf of the defendants prior to sentencing. The attorney speaking for Hintz emphasized that Hintz was 19 years of age at the time of the commission of the crime; he was without a high school degree; he admitted to being an alcoholic and drug addict; he recognized the gravity of the crime, and the seriousness and tragedy of his early involvement with drugs and alcohol; he had never been brought before a district court on any felony charge; on the night of the murder, as stated to the psychologist and psychiatrist at Warm Springs, he claimed to have been extremely intoxicated and under the influence of both alcohol and hallucinogenic drugs; he was extremely susceptible to suggestion; and his act was therefore not voluntary. He further argued that 100 years imprisonment would do nothing but harm and disturb him.

The attorney representing Schafer emphasized the sorrow on the part of Schafer; Schafer's limited formal education through only the eighth grade; Schafer's lack of skills with which to acquire a steady job; his early addiction to drugs; he was 19 at commission of the crimes; he had never been charged with a felony; he committed the offense under a combination of hallucinogenic drugs and excessive alcohol; in the opinion of Schafer's psychiatrist, Dr. Murphy, it is unlikely or impossible that Schafer could have formed specific intent to commit any crime; he is a young first offender with good chances for rehabilitation; and the interests of society would not be furthered by keeping him in prison for the rest of his life.

3

Following that presentation, the sentencing judge stated that drugs and alcohol were not mitigating factors in this case and ordered prison confinement for 100 years.

Defendants applied to the Sentence Review Division for a reduction of sentence, but the Sentence Review Division concluded that the sentences should remain unchanged. On September 20, 1982 defendants filed their pro se petition for post-conviction relief. The matter was assigned to an experienced trial judge other than the original sentencing judge. He appointed counsel to represent the defendants. Following the submission of briefs and oral argument, the District Court entered an order denying post-conviction relief and setting forth in detail the factual basis for concluding that the sentencing court had adequate and sufficient information on which to base the sentence. He concluded that the sentencing court was fully apprised of the defendants' backgrounds and their involvement with alcohol and drugs.

I

Did the District Court err in not ordering a presentence investigation report prior to sentencing the defendants?

We emphasize that the two defendants were represented in court by three lawyers. The sentencing court advised them on two different occasions of its conclusion that a presentence report was unnecessary. Counsel did not object to this conclusion. In addition, counsel and defendants were asked if there was any reason for postponing sentencing. Counsel stated there was no such reason. This clearly suggests a waiver by counsel of the presentence report.

At the time of sentencing, presentence investigation requirements were contained in section 95-2203, RCM (1947), now section 46-18-111, MCA, which states:

4

> "No defendant convicted of a crime which may result in commitment for 1 year or more in the state prison shall be sentenced or otherwise disposed of before a written report of investigation by a probation officer is presented to and considered by the court <u>unless</u> <u>the</u> <u>court</u> <u>deems</u> <u>such</u> <u>report</u> <u>unnec-</u> <u>essary</u>. The court may, in its discretion, order a presentence investigation for a defendant convicted of any lesser crime or offense." (emphasis added)

The statute clearly gives the District Court discretion to conclude that a report is unnecessary, as was done in this case. In the absence of any objection by counsel for the defendants, it seems clear that counsel also concluded such a report was unnecessary.

On appeal counsel for the defendants argues that section 18-5.1(b) of the ABA Standards on Criminal Justice, Sentencing Alternatives and Procedure in substance provides that a presentence investigation and report should be made where a defendant is less than 21 years old or is a first-time offender. The ABA Standards suggest that the sentencing court should be explicitly authorized to call for such an investigation, as our statute provides. The ABA Standards further recommend that a report should be made unless the defendant or defense counsel waives the report and the court finds that it has sufficient information to exercise its discretion.

The record here shows that the sentencing court substantially met those requirements. Defendants have failed to present any facts even remotely suggesting that a presentence investigation would have assisted either of them. Defendants were allowed to argue as to the effect of drugs and alcohol, and as to their age, schooling and sorrow. No specific benefits from a presentence report are suggested.

We agree with the District Court that the sentencing court was fully apprised of the background of the individual defendants. We hold there was no error in the failure to order a presentence investigation report.

5

## II

Did the District Court enter sufficient findings as to the 100-year sentences for the crime of deliberate homicide?

The sentencing court made limited findings. The court stated that he was sorry for the defendants considering their position, their age and the drug and alcohol factors, but he specifically found that drugs and alcohol were not mitigating circumstances in this particular case. In addition he found that the legislature has provided that hardened criminals should be confined. The court emphasized the defendants' use of a gun and the violent nature of the crime. Following these findings, the court entered its judgment of a 100-year sentence.

Defendants argue that the findings are insufficient to meet the requirements of State v. Stumpf (1980), 187 Mont. 225, 609 P.2d 298 and State v. Stephens (Mont. 1982), 645 P.2d 387, 39 St.Rep. 822. As pointed out by the State, Stumpf and State v. Garrido (Mont. 1981), 621 P.2d 1105, 38 St.Rep. 78 confirmed that the requirement of a sentencing court to detail its reasons for a sentence is prospective in nature. Garrido, 621 P.2d at 1108, 38 St.Rep. at 81.

Finally, in State v. Carson (Mont. 1984), 677 P.2d 587, 41 St.Rep. 369, this Court concluded that the trial court had not committed prejudicial error by failing to state reasons for the sentence imposed. We stated:

> "[T]he sentencing judge's failure to state the reasons for imposition of the . . . sentences resulted in no prejudice to the defendant and constituted harmless error . . .. The reasons for the particular sentence were apparent from the record of the sentencing hearing. No substantial right of the defendant was denied; no prejudice resulted." 677 P.2d at 589, 41 St.Rep. at 371.

The record in this case substantiates the same conclusion. A plea bargain was involved in which the maximum

sentence was reduced from a possible term of 140 years to 100 years. Both defendants received the benefit of the elimination of the potential additional 40 years for robbery. While defendants attempt to argue that the shooting was accidental, it is of particular significance that defendants shot a clerk while committing an armed robbery. It is also significant that defendants, with the guidance of three lawyers, agreed that each of them was guilty of the crime of deliberate homicide. The reasons for the sentences are apparent from the record.

In substance, defendants object to the court's conclusion that a sentence of 100 years was appropriate. This Court has consistently held that if a sentence is within the limits provided by statute, it is not an abuse of discretion. Garrido, 621 P.2d at 1108, 38 St.Rep. at 80.

We therefore conclude that the failure of the sentencing court to set forth detailed findings or reasons for the sentence imposed did not result in prejudice to the defendants and was therefore harmless error.

### III

Did the District Court deny the petition based on an erroneous belief that the sentencing judge had more information available than the record reflects?

In substance the defendants contend that the sentence must be reversed because the sentencing judge had information concerning the report of a private psychiatrist, Dr. Murphy, which was not directly reflected in the record. The record does not substantiate defendants' contention. The transcript shows that comments regarding Dr. Murphy's report were made by defense counsel in the course of oral presentation to the sentencing court.

7

In the hearing on the petition for post-conviction relief, the District Court inquired and was advised by counsel for both the State and the defendants that each of the defendants requested and was granted a psychiatric evaluation at the state hospital. In addition, defense counsel agreed that at the time of original sentencing, the sentencing court had the evaluation from the state hospital before it. Apparently, defendants also requested and received an independent psychiatric evaluation from Dr. Murphy, but now there are no copies of the evaluation reports by Dr. Murphy. The record does not disclose whether such reports were ever made available to the court, but that both defendants spent 60 days at Warm Springs in connection with the evaluation. The record shows that Dr. Murphy is now deceased. Defendants have failed to show that any information furnished by Dr. Murphy was improperly considered by the court. However, the record does demonstrate that the sentencing court had full recourse to the reports of the psychiatric evaluation at Warm Springs.

We hold that the defendants have failed to prove that any erroneous information was considered by the sentencing court.

We affirm the District Court's denial of post-conviction relief.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8