No. 91-063

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

      Plaintiff and Appellant,

-vs-

DANIEL LIONEL WILLSON,

      Defendant and Appellant.

FILED

OCT - 8 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Richard J. Carstensen, Attorney at Law, Billings, Montana.

     For Respondent:

        Marc Racicot, Attorney General, Helena, Montana; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana; Dennis Paxinos, County Attorney, Billings, Montana; Charles Bradley, Deputy County Attorney, Billings, Montana.


Submitted on briefs:  August 29, 1991

Decided:  October 8, 1991

Filed:

*[signature]*

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Daniel Lionel Willson (Willson) appeals from his sentences imposed by the Thirteenth Judicial District, Yellowstone County, for his convictions of criminal endangerment, criminal possession of dangerous drugs, criminal possession of drug paraphernalia, and escape. Willson further appeals his designation as a dangerous offender. We remand for resentencing on the criminal possession of dangerous drugs conviction and affirm on all other issues.

Willson presents the following issues:

1. Whether the ten-year sentence for criminal possession of dangerous drugs was erroneous.

2. Whether the District Court's statement concerning excessive previous convictions requires resentencing.

3. Whether the sentence designation as a dangerous offender was erroneous.

4. Whether on remand for resentencing Willson should be entitled to a different sentencing judge.

On February 7, 1990, Willson was charged by information with one count of criminal endangerment, one count of criminal possession of dangerous drugs, and one count of criminal possession of drug paraphernalia. These charges stemmed from a January 8, 1990 incident where Willson, in a motor vehicle, drove through downtown Billings, Montana, at speeds of up to 100 miles an hour. In this high-speed drive, Willson collided with two separate occupied motor

vehicles, destroying these vehicles and causing injuries. Following this incident, police obtained Willson's consent to search his clothing. In this search, police found a clear plastic syringe and a white powder substance later identified as cocaine.

At his arraignment, Willson pled not guilty to all three charges. The court ordered that he be remanded to the custody of the Yellowstone County Sheriff.

On March 30, 1990, Willson escaped from the Yellowstone County jail with six other inmates. Willson later turned himself in to authorities. The State amended its information against Willson to include one count of escape. Willson pled not guilty to the now four charges against him.

On October 17, 1990, Willson changed his pleas of not guilty to guilty under a plea agreement. The District Court ordered a presentence investigation report. The presentence investigation report recommended a "lengthy sentence" for Willson. On December 3, 1990, the District Court conducted a sentencing hearing. At the sentencing hearing, Willson testified that he has suffered from a drug problem for several years and was under the influence of crank and cocaine at the time of the incident. Following a review of the plea agreement, the presentence investigation report, and the testimony presented at the sentencing hearing, the District Court sentenced Willson to the following: ten years imprisonment with three years suspended for criminal endangerment, and ten years

imprisonment with three years suspended for criminal possession of dangerous drugs, these two sentences to run consecutively; six months imprisonment for possession of drug paraphernalia, this sentence to run concurrently to the above sentences; and five years imprisonment with two years suspended for escape, this sentence to run concurrently with the above sentences. The District Court also designated Willson a dangerous offender for parole purposes. From these sentences, Willson appeals.

1. Whether the ten-year sentence for criminal possession of dangerous drugs was erroneous.

Willson admits that he is guilty of criminal possession of dangerous drugs, a violation of § 45-9-102, MCA (1989). Willson, however, argues that the District Court erred when it sentenced him to ten years imprisonment with three years suspended for this offense. We agree.

The sentencing statute for cocaine possession, § 45-9-102(3), MCA (1989), provides in pertinent part:

> A person convicted of criminal possession of an opiate, as defined in 50-32-101(19), shall be imprisoned in the state prison for a term of not less that 2 years or more than 5 years.
> . . .

The District Court's sentence of ten years imprisonment with three years suspended exceeded the maximum sentence allowed under § 45-

4

9-102(3), MCA (1989). We therefore remand this case to the District Court for resentencing of this offense.

2. Whether the District Court's statement concerning excessive previous convictions requires resentencing.

Willson argues that during the sentencing hearing, the District Court miscounted Willson's past felony offenses contained in the presentence investigation report and relied on an incorrect number of five past felony offenses when it sentenced Willson. Willson argues that this Court should remand this case to the District Court for resentencing based upon Willson's criminal record of two past felony convictions prior to this case. Willson further argues that the District Court failed to clearly state its reasons for sentencing him. We disagree with Willson's arguments.

The record indicates that although the District Court misinterpreted Willson's criminal record as contained in the presentence investigation report, it nonetheless properly concluded that Willson has five current felony convictions. The record further indicates that the District Court did not rely solely on these five current felony convictions in sentencing Willson.

This Court notes that the presentence investigation report indicates that Willson currently has a total of five felony convictions: 1. criminal endangerment on May 1, 1990; 2. criminal possession of dangerous drugs on May 1, 1990; 3. escape on May 1,

5

1990; 4. criminal mischief on July 27, 1983; and 5. criminal sale of dangerous drugs on June 28, 1983. Willson's May 25, 1983 conviction for criminal mischief is not considered as an offense as it was a deferred sentence successfully completed. Additionally, Willson's December 11, 1986 felony conviction for criminal mischief is not considered as a separate offense because it was the revocation of the June 27, 1983 criminal mischief offense.

The District Court, in relying on the presentence investigation report, incorrectly counted the criminal mischief offense dated December 11, 1986, as a new felony conviction, when in fact, it was the revocation of a June 27, 1983 criminal mischief offense that the court had previously counted. Additionally, the District Court incorrectly counted the criminal endangerment and criminal possession of dangerous drugs offenses dated May 1, 1990, as one felony instead of as two separate felonies. However, although the court misinterpreted Willson's criminal record contained in the presentence investigation report, it properly concluded that Willson has a criminal record, which includes five felony convictions. We hold that the District Court arrived at the right conclusion by the wrong means, and as such, committed no error that mandates resentencing in this instance.

Furthermore, the District Court did not commit error when it relied in part on Willson's entire criminal record in sentencing Willson. A district court is given "broad discretion to determine

6

the appropriate punishment for a conviction." State v. Carson (1984), 208 Mont. 320, 322, 677 P.2d 587, 588. A district court, however, must set forth its reasons for sentencing a defendant in order for the sentence to be properly reviewed at a later time by the Sentence Review Board or this Court. State v. Stumpf (1980), 187 Mont. 225, 226, 609 P.2d 298, 299.

Here, the District Court, in pronouncing Willson's sentence, stated that its reasons behind Willson's sentence were Willson's entire and extensive criminal record, as well as Willson's threat to society. It is also noteworthy that Willson's sentence is consistent with the presentence investigation report, which recommended that Willson be given a "lengthy sentence." We hold that the District Court sufficiently explained its reasons for Willson's sentence, and as such, committed no error in sentencing Willson that mandates his resentencing other than as discussed in the first issue of this opinion.

3. Whether the sentence designation as a dangerous offender was erroneous.

Willson argues that the District Court erred when it designated him a dangerous offender for parole eligibility purposes. He argues that this designation was erroneous because of the District Court's miscounting of his felony convictions. We already have held that the District Court committed no reversible error

7

when it misinterpreted Willson's criminal record yet arrived at the correct number of Willson's current felony convictions.

Furthermore, the District Court did not find Willson a dangerous offender because of a specific number of felony convictions. Rather, the District Court considered the presentence investigation report, which included Willson's entire criminal record beginning in 1983 and more importantly, found that Willson represented a substantial danger to society. Section 46-18-404(1)(b), MCA (1989), provides that a defendant shall be designated a non-dangerous offender if "the court has determined, based on any presentence report and the evidence presented at the trial and the sentencing hearing, that the offender does not represent a substantial danger to other persons or society." Here, Willson's own testimony and his criminal record reveal that he has suffered from a serious drug problem for several years. In his current offenses, Willson drove through downtown Billings at speeds up to 100 miles an hour while under the influence of crank and cocaine. His actions resulted in property damage and injuries to innocent people. The record indicates that Willson represents a substantial danger to other persons and society. We therefore hold that the District Court committed no error when it designated Willson a dangerous offender for parole purposes.

4.   Whether on remand for resentencing Willson should be entitled to a different sentencing judge.

Willson argues that this Court should order a new district court judge for resentencing of this case, or in the alternative, allow him the right to move for substitution of the sentencing judge.

Section 3-1-804(1)(g), MCA (1989), provides:

> When a new trial is ordered by the district court, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein.  When on appeal the judgment or order appealed from is reversed or modified and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein.  Such motion must be filed, with the required filing fee in civil cases, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur from the Supreme Court has been filed with the district court.  No other right of further substitution shall arise in cases remanded by the supreme court.  In criminal cases, no further right of substitution shall arise when the cause is remanded for resentencing.

(Emphasis added.)

In interpreting legislative intent of statutory language, this Court first examines "the plain meaning of the words used."  Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 80, 438 P.2d 660, 662 (citations omitted).  Clearly, by the plain meaning of the words

9

used, § 3-1-804(1)(g), MCA (1989), does not provide for substitution of a district court judge when a cause of action is remanded for resentencing. We therefore hold that Willson is not entitled to a new district court judge nor is he entitled to move for substitution of a sentencing judge.

In conclusion, we remand this case for resentencing on the possession of dangerous drugs conviction and affirm on all other issues.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10

October 8, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Richard J. Carstensen
Attorney at Law
P.O. Box 2093
Billings, MT   59103-2093

Hon. Marc Racicot, Attorney General
Micheal Wellenstein, Asst. Atty. Gen.
Justice Bldg.
Helena, MT   59620

Dennis Paxinos, County Attorney
Charles E. Bradley, Deputy
P.O. Box 35025
Billings, MT   59107-5025

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy