No. 97-021

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CITY OF HELENA, STATE OF MONTANA,

        Plaintiff and Respondent,

v.

JAMES C. MEYERS,

        Defendant and Appellant.

FILED

AUG 18 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                    In and for the County of Lewis and Clark,
                    The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                James C. Meyers, Pro Se, Helena, Montana

        For Respondent:

                Robert J. Wood. Helena City Prosecutor,
                Helena, Montana

Submitted on Briefs: July 17, 1997

Decided:  August 18, 1997

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

James C. Meyers appealed to the District Court for the First Judicial District in Lewis and Clark County from a conviction in the City Court of Helena for driving with a suspended license and for failure to have liability insurance. Following a jury trial, he was found guilty of both charges and sentenced by the District Court. Meyers appeals. We affirm in part and vacate in part the judgment of the District Court, and remand for further proceedings.

There are two issues on appeal:

1. Did Meyers' conviction result from bias shown by District Judges, the Clerk of the District Court, or the attorney who represented him?

2. Did the District Court err when it sentenced the defendant or assessed costs to him?

## FACTUAL BACKGROUND

On September 9, 1995, Officer Mark Ekola of the Helena Police Department stopped Meyers' vehicle for a defective taillight. Meyers could not produce a driver's license or proof of insurance. After Ekola learned that Meyers' driver's license had been suspended, Meyers

2

was cited for driving while his license was suspended and for failure to have liability insurance, in violation of §§ 61-5-212, MCA, and 61-6-301, MCA, respectively.

Meyers was found guilty of both charges by a jury in the City Court of Helena, and on December 27, 1995, he filed a notice of appeal to the District Court. After determining that Meyers was indigent, the District Court appointed counsel to represent him. Meyers filed a number of motions, seeking, among other things, to disqualify the District Court Judge for cause, to substitute counsel, and to remove the matter to Federal District Court. On May 1, 1996, District Judge James Purcell conducted a hearing to determine whether there was cause to disqualify the District Court Judge. He subsequently denied that motion.

On October 24, 1996, Meyers withdrew his request for counsel and proceeded pro se. Following a jury trial on November 26, 1996, Meyers was found guilty of driving while his license was suspended and of failure to have liability insurance. The District Court sentenced Meyers to 190 days in jail, with 188 of those days suspended. In addition, it assessed fines in the total amount of $600, and court costs, jury costs, and charges in the amount of $650.48.

ISSUE 1

Did Meyers' conviction result from bias shown by District Judges, the Clerk of the District Court, or the attorney who represented him?

Meyers has alleged that due to the bias of both the District Court and Judge Purcell, as well as the Clerk of Court and his own attorney, he was denied effective representation, his right to a speedy trial, due process, and his right to put forth a proper defense.

From review of the record, we find no evidence to demonstrate bias against Meyers.

Meyers' principal claim regarding the District Court (other than claims related to the Judges' religion) are that he was denied a speedy trial and that he was precluded from offering evidence critical to his defense. However, most delay was attributable to Meyers' own motions and no prejudice has been shown from delay.

Furthermore, the determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. *State v. Gollehon* (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. Here, the District Court's decision that evidence pertaining to Meyers' prior convictions in 1989 and 1992 was irrelevant to the charges made against him in this proceeding was not an abuse of discretion, and therefore, it does not indicate bias against Meyers. For these reasons, we conclude that Meyers' conviction was not the result of bias by the District Court, Judge Purcell, the Clerk of Court, or Meyers' attorney.

## ISSUE 2

Did the District Court err when it sentenced the defendant or assessed costs to him?

4

"This Court has consistently held that if a sentence is within the limits provided by statute, it is not an abuse of discretion." *State v. Lemmon* (1984), 214 Mont. 121, 129, 692 P.2d 455, 459 (citing *State v. Garrido* (1981), 190 Mont. 525, 529, 621 P.2d 1105, 1108).

Section 61-5-212, MCA, provides that a defendant convicted of driving with a suspended license "shall be punished by imprisonment for not less than 2 days or more than 6 months and may be fined not more than $500." Here, the District Court sentenced Meyers to serve 180 days in jail, but suspended all but the two days required by the statute. In addition, the District Court assessed a $250 fine. Each sentence is clearly within the limits of the statute. Accordingly, we conclude that the District Court did not abuse its discretion when it imposed Meyers' sentence for driving with a suspended license.

Section 61-6-304, MCA, states that a second conviction for failure to have liability insurance is "punishable by a fine of $350 or by imprisonment in the county jail for not more than 10 days, or both." The District Court fined Meyers $350 and sentenced him to the maximum ten days in jail, although the jail sentence was suspended; each sentence is within the limits of the statute. Accordingly, we conclude that the District Court did not abuse its discretion when it imposed Meyers' sentence for failure to have liability insurance.

In addition to the sentences imposed, the District Court required that Meyers pay a total of $650.48 for costs and surcharges. Section 46-18-201(d), MCA, permits the District Court to require payment of costs and jury expenses pursuant to § 46-18-232, MCA; § 46-18-236(1)(a), MCA, requires all courts of original jurisdiction to assess a $15 charge

5

for each misdemeanor conviction, and § 3-1-317(1)(a), MCA, requires imposition of a $5 user surcharge for each conviction of criminal conduct. Although the District Court did not specify these statutes as the basis for its charges, it ordered Meyers to pay $40 as surcharges for the convictions in District Court and $40 for court costs and surcharges per violation to the City Court. The District Court also ordered that Meyers pay District Court jury costs in the amount of $296.48, and City Court jury costs in the amount of $234.

There is no indication, however, that the District Court applied the other provisions of the statutes which provide for an exception where the defendant is unable to pay. Sections 46-18-236(2) and -232(2), MCA, both provide that if the convicting court determines that the defendant is not able to pay the costs or surcharges, those expenses must be waived. Section 3-1-317(2), MCA, provides that in the event a defendant is unable to pay, the surcharge may be waived. These sections have significance in this case in which the District Court found that Meyers was indigent. Normally imposition of surcharges, costs, and jury expenses pursuant to these statutes would be inconsistent with a determination of indigence. Therefore, we vacate that part of the District Court's judgment which assessed costs and surcharges in the combined amount of $650.48 and remand to the District Court for determination of whether Meyers is financially able to pay that amount.

We affirm in part and vacate part of the judgment of the District Court, and remand for further proceedings consistent with this opinion.

_____
Justice

6

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

August 18, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JAMES C. MEYERS
472 RUSSELL #6
HELENA MT 59601


HON. JOSEPH P. MAZUREK, ATTORNEY GENERAL *Hand delivered*
ELIZABETH GRIFFING, ASSISTANT
215 NORTH SANDERS
HELENA MT 59620

ROBERT J. WOOD
ASSISTANT CITY ATTORNEY
BOX 133
HELENA MT 59624-0133


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy