No. 14682

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DALE METZ,

Defendant and Appellant.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Daley and Sherlock, Kalispell, Montana
Patrick Sherlock argued, Kalispell, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten, Assistant Attorney General, argued,
Helena, Montana
Ted Lympus, County Attorney, Kalispell, Montana

---

Submitted: September 12, 1979

Decided: DEC 19 1979

Filed: DEC 19 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals the judgment and sentence of the Flathead County District Court which found the defendant guilty of the crime of sexual intercourse without consent, and sentenced him to 100 years in prison.

In the early morning hours of September 24, 1978, defendant observed a young girl leaving a Circle K store in the vicinity of LaSalle, Montana. He followed the girl's car down a gravel road north of town. The girl, a 17 year old Kalispell high school student, stopped her car when she saw the blinking headlights of defendant's car. Defendant approached the victim's stopped car, told her that she had been given the incorrect change at Circle K, and that she could use the C.B. radio in his car to call the Circle K. The victim walked with defendant to his car where defendant pulled her into his car. He drove further down the road and with a pocket knife held to her neck forced the girl out of his car. A struggle ensued in which the girl was cut on the finger and pushed into a ditch where defendant had intercourse with her. Before driving away, defendant told the victim that he would kill her if she left the scene. Later the victim arrived home and informed her parents of the incident.

On September 25, 1978, the State filed an information charging defendant with aggravated assault and sexual intercourse without consent. Defendant received notice on October 17, 1978, that the State intended to seek an increased penalty under the persistent felony statute, section 46-18-503, MCA. At his arraignment, defendant plead guilty to the charge of sexual intercourse without consent and the State dropped the charge of aggravated assault.

On December 13, 1978, the court held hearings to determine whether defendant was a persistent felony offender and to

consider aggravating and mitigating circumstances prior to sentencing. At the conclusion of the hearings, the court found that defendant was a persistent felony offender and that there were no mitigating circumstances, and sentenced defendant to 100 years in prison.

In this appeal, defendant contends: (1) the trial court erred in admitting a certificate of prior conviction without proof that defendant was the person named in the certificate; (2) the evidence did not support the trial court's conclusion that the facts surrounding this crime indicated the absence of any factors in mitigation of the sentence; (3) a one-hundred year prison term under the circumstances of this case is cruel and unusual punishment.

We hold that defendant, by failing to make a specific objection, waived his right to assert that the State's certificate of prior conviction is not competent evidence. Defendant was informed well in advance of the time he entered his guilty plea that he would be tried as a persistent felony offender. At the hearing to determine whether defendant was a persistent felony offender, the defendant had an opportunity to object to the State's lack of identification but he failed to do so.

When defendant has ample notice and a fair opportunity to raise a specific objection to the State's failure to identify him as the person named in the certificate of prior conviction, he cannot make that assertion for the first time on appeal. See State v. Campbell (1972), 160 Mont. 111, 500 P.2d 801.

Defendant's next assertion of error is that the trial court failed to give proper consideration to factors in mitigation of his sentence. Defendant maintains that his criminal tendencies are the result of drinking and sexual problems which could be successfully treated with psychological therapy. He believes that if the trial court gave due consideration to his psychological

abnormality, it would have assigned him to a mental treatment center or at least, would have lessened his sentence.

We disagree. The trial court held a hearing to determine if aggravating or mitigating factors were present. See section 46-18-223(1), MCA. It found that none of the mitigating circumstances stated in section 46-18-222, MCA, applied to the present case. The court's findings of fact indicate that it considered defendant's drinking and sexual problems but concluded that these conditions did not excuse defendant from accountability for his acts.

The evidence presented at the hearing and in the presentence investigation report supports the trial court's conclusion. Defendant has a long criminal record including at least one other conviction for a sexual crime. He has been diagnosed as a sexual sadist with a chronic drinking problem. Previous efforts to treat these conditions at the Winnebago Mental Health Institute, Winnebago, Wisconsin, were unsuccessful largely because defendant did not cooperate with the staff and eventually escaped from the institution. The trial court did not abuse its discretion when it concluded that there were no factors in mitigation of the sentence. See State v. Karathanos (1972), 158 Mont. 461, 469, 493 P.2d 326; State v. Brooks (1967), 150 Mont. 399, 412, 436 P.2d 91.

The final issue presented in this appeal is whether a 100 year jail term under the facts of this case is so excessive that it constitutes cruel and unusual punishment.

Defendant's sentence is within the maximum allowable by the persistent felony offender statute. Section 46-18-502(1), MCA. As a general rule, sentences within the maximum statutory limits do not violate the Eighth Amendment. Matter of Jones (1978), ____ Mont.____, 578 P.2d 1150, 35 St.Rep. 469; State v. Karathanos (1972), 158 Mont. 461, 493 P.2d 326. Defendant must establish

- 4 -

that his sentence is an exception to this rule.  State v. Kirk-
land (1979), ____Mont.____, ____P.2d____, 36 St.Rep. 1963, and
cases cited therein.  The evidence presented here does not
establish that the length of the sentence was unconstitutional.

The court's 100 year sentence may in defendant's eyes
seem inequitable, but it is not so shocking or oppressive as
to be cruel and unusual punishment.  Challenges to the equitabil-
ity of a sentence as opposed to its legality are properly directed
to the Sentence Review Board.  See section 46-18-901 et seq., MCA;
State v. Simtob (1969), 154 Mont. 286, 288, 462 P.2d 873.

Affirmed.

_____
                                    Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a dissenting
opinion later.