No.  92-046

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THE STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

DENNIS LEON VALCOURT,

       Defendant and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         Nicholas  C.  Jacques,  Attorney  at  Law,  Helena,
Montana

      For Respondent:

         Hon. Marc Racicot, Attorney General, Kathy Seeley,
Assistant Attorney General, Helena, Montana
Mike McGrath, County Attorney, Carolyn Clemens,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  July 2, 1992

Decided:  August 11, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Dennis Leon Valcourt was convicted of aggravated burglary. He appeals the sentence imposed upon him by the District Court of the First Judicial District, Lewis and Clark County. We affirm.

The issue is whether the sentence imposed is improper.

The charges against Valcourt arose out of a burglary and brutal beating of a seventy-six-year-old Helena woman in her home in July 1991. A jury convicted Valcourt of aggravated burglary.

After a presentence investigation and a defense-requested chemical dependency evaluation, the District Court held a sentencing hearing at which testimony was heard on behalf of the State and by Valcourt himself. The court sentenced Valcourt to the maximum term of forty years imprisonment and denied him any eligibility for parole pursuant to § 46-18-202(2), MCA. It gave the following reasons for the sentence it imposed:

> The reasons for the Court's sentence are that the defendant has a long criminal record. He has had numerous opportunities to rehabilitate himself, but has not taken advantage of them. The defendant's crimes have become more violent culminating in this crime. The victim/complainant is near death and has basically lost her life. After months of hospitalization on life support systems, she is required to live in a nursing home because of defendant's actions. The defendant is in severe stages of alcoholism. The defendant indicated he has no idea or reason why he committed this crime. There is no way to predict what the defendant may do next. The defendant's criminal history, this crime and his severe alcoholism shows that the defendant poses an extreme danger to society.

Valcourt appealed to this Court.

2

Valcourt's argument on appeal is that the sentence imposed upon him violates constitutional and statutory principles of prevention, reformation, and rehabilitation. He cites provisions in § 46-18-101, MCA, that the correctional policy of this State includes rehabilitation of the convicted. However, that statute also provides that the correctional policy of this State includes "protect[ing] society by preventing crime through punishment."

In State v. Beach (1985), 217 Mont. 132, 705 P.2d 94, defendant Beach received a 100-year sentence, the maximum allowable, without eligibility for designation as a nondangerous offender or parole. He claimed that his sentence violated Article II, section 28 of the Montana Constitution and § 46-18-101, MCA. As does Valcourt, Beach argued that his sentence was not based upon principles of prevention, reformation, or rehabilitation, but that it was motivated by a desire for revenge for the victim's family. This Court upheld Beach's sentence, stating:

> We find no merit in defendant's argument. First, Article II, section 28, Mont. Const. allows a district court in its discretion to base a sentence upon the principle of prevention of future crimes. This includes the power to remove a person from society, as the District Court found necessary here.
>
> Secondly, the District Court's sentence was within the permissible statutory range, and, in the absence of clear abuse of discretion is properly reviewed by the Sentence Review Division. There was no clear abuse of discretion in this case and thus this is a matter for the Sentence Review Board.

Beach, 705 P.2d at 107.

3

Valcourt argues that his sentence violates the constitutional prohibition against cruel and unusual punishment. On that subject, this Court has stated:

> Ordinarily a sentence is not cruel and unusual punishment if it is within the maximum established by statute . . . and review properly lies with the Sentence Review Division.

State v. Austad (1982), 197 Mont. 70, 100, 641 P.2d 1373, 1389.

Valcourt states that, at the sentencing hearing, he displayed remorse and willingness to receive and complete chemical dependency treatment and that because he has never received professional help with his drug addiction, he is different from the defendants in the cases cited above. He asserts that by not allowing him the possibility of parole on a forty-year sentence, the court has effectively removed any incentive for him to use his time productively in prison by taking advantage of chemical dependency programs to prepare himself for an eventual return to society.

Valcourt's arguments attempt to place a duty on the criminal justice system to force him into rehabilitation. The Legislature specifically found in § 46-18-101(2), MCA, that "an individual is responsible for and must be held accountable for his actions." The record does not demonstrate whether chemical dependency treatment was available to Valcourt during his previous incarcerations. However, Valcourt's own testimony at the sentencing hearing demonstrates a denial of personal responsibility for his criminal

4

history, either because "the other guy started it" or because of his use of alcohol or drugs. Denial of parole need not prohibit Valcourt from participating in chemical dependency treatment for his own betterment.

Valcourt also objects to a reference in the presentence investigation to a charge against him of sexual intercourse without consent. The District Court specifically noted at the sentencing hearing that it was disregarding any reference to or consideration of that charge, of which Valcourt was acquitted.

The sentence imposed is within the statutory limits for the offense of which Valcourt was convicted. Affirmed.


_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5

August 11, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


NICHOLAS C. JACQUES
Attorney at Law
310 Broadway
Helena, MT 59601

HON. MARC RACICOT, Attorney General
Kathy Seeley, Assistant
Justice Bldg.
Helena, MT 59620

MIKE MCGRATH, County Attorney
Carolyn A. Clemens, Deputy
Lewis & Clark County Courthouse
228 Broadway
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy