NO.   93-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

  **v.**

MARK EMERSON PECK, a/k/a MARK LEE,

      Defendant and Appellant.



FILED

DEC 22 1993

Ed S...

CLERK OF SU... ...URT
STATE OF M....

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Sliver Bow,
The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Mark Emerson Peck, Pro Se, Deer Lodge, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Cregg W. Coughlin, Assistant Attorney
General, Helena, Montana

          Robert M. McCarthy, Silver Bow County
Attorney, Brad Newman, Deputy County
Attorney, Butte, Montana


Submitted on Briefs:   August 19, 1993

Decided:   December 22, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant/Appellant, Mark Emerson Peck, appeals pro se from an order of the Second Judicial District Court, Silver Bow County, dismissing his petition for post-conviction relief on the grounds that he failed to state a claim for relief, and denying his motion for appointment of counsel for a hearing on the petition.

We affirm.

1. Did the District Court err when it denied appellant's petition for post-conviction relief and assistance of counsel for a hearing on the petition, pursuant to § 46-21-201(1) and (2), MCA?

2. Did appellant's sentence and condition of parole ineligibility violate the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment?

On November 21, 1991, a deputy county attorney of Silver Bow County charged appellant by information with attempted burglary and burglary. On January 9, 1992, appellant entered a plea agreement in which he pled guilty to the count of attempted burglary. In exchange, the State agreed to dismiss the burglary count, abandon pursuit of a persistent felony offender designation, and recommend a five-year sentence to run concurrently with any sentence imposed upon revocation of his suspended sentence on a separate charge. The **District** Court accepted the plea agreement pursuant to § 46-12-211, MCA. Sentencing was set for February 5, 1992, but appellant failed to appear at the hearing. On June 16, 1992, authorities apprehended him. On June 25, 1992, at his rescheduled

2

sentencing hearing, appellant moved the District Court to withdraw his guilty plea on the grounds that "his best interests would be served" because he believed he would be facing additional charges. The District Court denied his motion to withdraw his guilty plea, sentenced him to ten years at the Montana State Prison, and after stating specific reasons, ordered him ineligible for parole or participation in a supervised release program.

The record reveals no evidence that appellant attempted to perfect an appeal within 60 days of the judgment of June 25, 1992. Rule 5(b), M.R.App.P. On January 19, 1993, appellant filed in the District Court both a petition for post-conviction relief and a motion for appointment of counsel for a hearing on the petition. In his petition, appellant asserted that the court's designation of him as ineligible for parole was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because the sentence was disproportionate to the offense charged. Additionally, appellant asserted that he had insufficient funds with which to hire an attorney regarding the petition. On February 8, 1993, the State filed a brief in opposition to appellant's petition for post-conviction relief. On March 1, 1993, pursuant to § 46-21-201(1) and (2), MCA, the District Court dismissed the petition and denied appellant's motion for appointment of counsel because a hearing on the petition was not required. On March 15, 1993, appellant filed an appeal with this Court.

I.

Did the District Court err when it denied appellant's petition for post-conviction relief and assistance of counsel for a hearing on the petition, pursuant to § 46-21-201(1) and (2), MCA?

Section 46-21-201, MCA, in part, governs the court's actions in proceedings on petitions for post-conviction relief and provides as follows:

> Unless the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief, the court shall cause notice of the petition to be served upon the county attorney in the county in which the conviction took place and upon the attorney general and order them to file a responsive pleading to the petition. Following its review of the responsive pleading, the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may grant a prompt hearing on the petition, determine the issue, and make findings of fact and conclusions with respect to the petition.

A petitioner's burden, when requesting post-conviction relief, is to show by a preponderance of evidence that the facts justify relief. Yother v. State (1979), 182 Mont. 351, 355, 597 P.2d 79, 82; Matter of Jones (1978), 176 Mont. 412, 415, 578 P.2d 1150, 1152. The District Court concluded that appellant had not met this burden when he failed to show by a preponderance of evidence that the imposed sentencing condition justified relief. The court based its decision upon its review of the petition, the State's brief in opposition, appellant's reply brief, and the entire record. The court then cited § 46-18-202(2), MCA, authorizing designation of appellant as ineligible for parole, and in support of the

4

sentencing condition, noted appellant's extensive criminal history and his previous failure to comply with the law while on supervised release. The reasons set forth by the District Court are well-reasoned and supported by the record. Pursuant to § 46-21-201(1), MCA, the court properly denied the petition for post-conviction relief because it did not state a claim for relief.

The court also properly denied appellant's motion for assistance of counsel for a hearing on the petition for post-conviction relief. Section 46-21-201(2), MCA, provides that:

> If a hearing is required or the interests of justice require, the court shall appoint counsel for a petitioner who qualifies for the appointment of counsel under Title 46, chapter 8, part 1.

The court declined to appoint counsel for a hearing on appellant's petition because, after review of the petition, the briefs, and the record, it determined that a hearing was not required. The court properly denied appointment of counsel for a hearing on the petition for post-conviction relief.

## II.

Did appellant's sentence and condition of parole ineligibility violate the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment?

In State v. Austad (1982), 197 Mont. 70, 100, 641 P.2d 1373, 1389, we held that a sentence which falls within the maximum statutory guideline does not violate the Eighth Amendment prohibition against cruel and unusual punishment (citing Matter of

Jones (1978), 176 Mont. 412, 420, 578 P.2d 1150, 1154), and review properly lies with the Sentence Review Division. (citing State v. Metz (1979), 184 Mont. 533, 537, 604 P.2d 102, 104). *See also* State v. Valcourt (1992), 254 Mont. 174, 835 P.2d 753; State v. Watson (1984), 211 Mont. 401, 423-24, 686 P.2d 879, 890-91. At sentencing, the District Court determined that appellant entered his plea voluntarily and knowingly. The court then sentenced appellant to ten years at the Montana State Prison and imposed the condition that he be ineligible for parole or participation in a supervised release program.

The court properly sentenced appellant. The statutory maximum penalty for attempted burglary is imprisonment for 20 years or a $50,000 fine, or both. Sections 45-6-204 and 45-4-103(3), MCA. Here, the ten-year sentence imposed by the court was less than the statutory maximum, and appellant received no fine. Just as important, the District Court properly imposed the restriction that appellant be ineligible for parole or a supervised release program. Section 46-18-202(2), MCA, provides that:

> Whenever the district court imposes a sentence of imprisonment in the state prison for a term exceeding 1 year, the court may also impose the restriction that the defendant be ineligible for parole and participation in the supervised release program while serving his term. If such a restriction is to be imposed, the court shall state the reasons for it in writing. If the court finds that the restriction is necessary for the protection of society, it shall impose the restriction as part of the sentence and the judgment shall contain a statement of the reasons for the restriction.

*See also* State v. Evans **(1991),** 247 Mont. 218, 806 **P.2d** 512: State v. Stumpf **(1980),** 18'7 Mont. 225, 609 **P.2d** 298.    Here,  the  court provided   specific   reasons   for   imposing   the   restriction: appellant's    extensive    history    of    criminal    behavior:    his demonstrated inability to conform to the law while under parole or probation  supervision; and the need to protect society.

In  sum,  we  hold  that  the  District  Court's  imposition  of  this sentencing  condition  is  not  cruel  and  unusual  punishment.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7